DERMOTT *vs.* WALLACH.

1. In replevin, the plea of property is a good plea in bar of the action.
2. Where the plea, without averring property in the defendant or a stranger, traverses the plaintiff's allegation of property in himself, it might be held defective on demurrer, but it is good in substance
3. The addition of a *similiter* to the plea of property is but matter of form, and its omission does not affect its validity.
4. Where the plea of property is put in by the defendant, but is not tried by the jury, it is a mistrial and an error, for which the judgment will be reversed.
5. An omission to join issue upon an avowry for rent in arrear, or otherwise to notice it on the record, is a mere irregularity, cured by the verdict.

Charles S. Wallach brought replevin in the Circuit Court for the District of Columbia against Ann R. Dermott. In his declaration the plaintiff averred that certain articles of household furniture were taken by the defendant and detained against sureties and pledges. The defendant pleaded that "the goods and chattels in the declaration mentioned are not the property of the said plaintiff, and of this she puts herself on the country." The defendant also avowed the taking of the goods for rent in arrear, setting out the lease, and the amount due thereon. To the avowry the plaintiff replied *riens en arriere*, but did not formally join issue on the plea of property by putting in a *similiter*. The defendant prayed the court to instruct the jury on several points, all of them having relation to the one question whether the rent had become due and payable to the plaintiff, as alleged by her. The court refused to give the instructions prayed for, and the jury found that the rent claimed by the defendant "at the time when, &c.,

*Dermott* vs. *Wallach.*

.was not in arrear and unpaid, nor was any penny thereof," assessing the damages of the plaintiff for the taking and detention at one cent. The court gave judgment for the plaintiff, that he have return of the goods, with the damages assessed by the jury and costs.

*Mr. Brent,* of Maryland, for plaintiff in error.

*Mr. Carlisle* and *Mr. Coxe,* of Washington city, for defendant in error.

Mr. Justice NELSON. This action was replevin, brought by the plaintiff below, Wallach, against the defendant, for taking certain goods and chattels of the plaintiff from a house called the Avenue House, situated in the city of Washington.

The defendant pleaded : 1. That the goods and chattels in the declaration mentioned were not the property of the plaintiff. 2. Avowed the taking, by way of distress, for rent due and in arrear, under special circumstances stated, concluding with a verification. 3. Like avowal for rent due and in arrear generally.

The plaintiff replied to the first avowry, no rent in arrear and unpaid. No notice is taken in the pleadings of the second avowry.

The jury found a special verdict, that no rent was due or in arrear upon the issue joined on the first avowry, and assessed the damages; and judgment was given that the plaintiff recover the goods and chattels, and have a return of the same, &c. No notice is taken in the verdict or judgment of the plea of property.

The plea of property in replevin is a good plea in bar of the action. It is true, the plea in this case is not in due form, and might have been held defective on demurrer; but it is good in substance. The form is to plead property in the defendant, or in a stranger, traversing property in the plaintiff, which traverse raises the material issue to be tried—the averment of property in the defendant or a stranger being by way of inducement. Either plea constitutes a good defence, because it

shows property out of the plaintiff; and prima facie, therefore, he is not in condition to maintain the action. 12 Wend. R., 30, 34, 35.

The plea in this case avers the fact directly, by stating that the goods and chattels in the declaration mentioned are not the property of the said plaintiff. Under this plea, it was competent for the defendant to have proved property in herself, or in a stranger, as this would have tended directly to support the issue; and if the defendant had sustained her plea, and proved property out of the plaintiff, she would have been entitled to a return of the goods and chattels without an avowry, as it would appear the plaintiff, at the time, had no right to take or detain them.

As this plea of property is a good bar to the action, and as the record shows it has not been tried or found by the jury, there has been a mistrial below, for which the judgment must be reversed, and the case sent down, and a new venire ordered. There is a good bar to the action remaining untried, and not yet found for the plaintiff, and hence he is not entitled to the judgment rendered in his behalf in the court below.

It appears that the similiter was not added to the plea of property; but this is now regarded as matter of form, and its omission does not affect its validity.

The omission to join issue upon the second avowry, or to notice it in the finding of jury or in the judgment of the court, is cured after verdict.

There is, also, a second plea by the plaintiff to the first avowry, which issue has not been noticed in the verdict, or on the record; but, as the finding of the first issue rendered the second immaterial, the omission, in this respect, is not important.

*Judgment reversed and venire facias de novo ordered.*