## STACHELBERG *v.* PONCE.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MAINE.

No. 51. Argued October 31, 1888. — Decided December 17, 1888.

On the proofs; *Held,* that the complainant's right to the exclusive use of his alleged trade-mark is not established; and that he is not entitled to the equitable relief which he asks for in this suit.

THIS was a trade-mark case. The principal relief asked by the appellants, who were the plaintiffs below, was a decree enjoining the appellee, who was the defendant below, his agents and servants, from using as a trade-name in their business of manufacturing and selling cigars, the words "Normandie," or "E. P. Normanda," or "La Normanda," or "Normanda;" such use of those words being, it was alleged, a violation of the right of the plaintiffs to the exclusive use of the words "La Normandi" and "Normandi" in their business of manufacturing and selling cigars of a certain kind.

It was alleged, among other things, that one Asher Bijur, of New York, was engaged from 1858 to 1865 in manufacturing and packing cigars of various grades and shapes, some of which, of superior quality, were called "La Normandi," and were put up in boxes containing two hundred and fifty each, labelled and branded with those words; that, being of fine stock, skilfully made, and of a shape that pleased the eye, his cigars, of that kind, became widely known, gaining great favor with the public, particularly in the New England States; that the first use by any one,

engaged in the manufacture, packing, or sale of cigars, of the words "La Normandi" or "Normandi" was by him, those words constituting his trade-mark for cigars of the above description; that on or about February, 1865, he assigned, sold, transferred, and conveyed to the plaintiff, Michael Stachelberg, his heirs and assigns, all his right, title, and interest in and to the exclusive use of the words "La Normandi" and "Normandi;" that on or about January 1, 1873, the plaintiffs formed a partnership under the firm-name of M. Stachelberg & Co., said trade-mark becoming their joint property; that since said assignment they had been engaged in manufacturing cigars under the names "La Normandi" and "Normandi," bestowing great care upon their packing; putting them up in bunches, (each bunch being tied with a peculiar colored and striped ribbon,) and offering them for sale in boxes containing two hundred and fifty cigars each, branded with the words "La Normandi;" and that they had incurred great expense in bringing such cigars so named to public attention, whereby large profits had accrued from their sale.

The bill also stated that on the 19th of February, 1876, the plaintiffs deposited in the Patent Office at Washington the name "Normandi" as a trade-mark, and, March 7, 1876, received from that office a certificate, showing such record; that after said assignment, and up to the date of and since such deposit, they had used the word "Normandi," with the prefix "La," and that by virtue of such assignment, and of their uninterrupted use of the words "La Normandi," they acquired and had the sole and exclusive right to use them, as a trade-mark.

It was further alleged that since January 1, 1881, the defendant Ponce had been manufacturing, and causing to be manufactured, and offering for sale, cigars substantially similar in shape, size, and outward appearance, to their La Normandi cigars, and had put them in boxes of the same pattern, general shape and size, and tied with ribbons colored and striped and resembling the ribbons used by them, his boxes being branded some with "Normanda," some "E. P.

Normanda," and others "Normandie;" whereby the defendant had fraudulently imposed and, unless restrained from so doing would continue to impose upon the public his cigars as the real "La Normandi" cigars, manufactured, put up, and sold first by Bijur and afterwards by the plaintiffs, and whereby, also, great and irreparable injury would be done to the plaintiffs in their business.

The defendant admitted in his answer that he had sold cigars under the brand or label of "La Normanda;" but those words, he alleged, had always been accompanied on the boxes or packages containing them by the words E. P., or E. Ponce, or Ernesto Ponce, and sometimes by the words "Portland, Maine," thus indicating the manufacturer and the place at which his cigars were made. Denying that his trade-mark infringed the alleged trade-name of the plaintiffs, or that he intended to use any trade-name of theirs, he insisted that Bijur did not, and could not, have an exclusive right to the words "La Normandi" as a trade-mark; that the words "Normandi" and "Normanda" were of foreign origin and of different significations, the former being a geographical and the latter a personal name; that the word "Normanda" had long been publicly used as a name or designation for cigars, was stamped upon boxes and packages containing them long prior to any of the alleged rights of the complainants; and that such terms were in public use as a designating mark for a manufacture of cigars at Havana as early as 1861, and were so used, in that year, as a brand for cigars put up and sold by him, as well as by others. He contended that there was nothing in the shape or size of his cigars, or in the manner in which he bundled or tied them up, which could be exclusively appropriated by the plaintiffs. In respect to the use of the words "La Normandie," he denied that he had ever manufactured, or ordered to be manufactured, any cigars branded with those words, although in the course of his business he had bought and sold other and common brands of cigars marked in that way.

It was in proof that the alleged trade-mark, La Normandi, was used by the assignor of the plaintiffs as part of a label

Statement of the Case.

that consisted of those words, printed at the top thereof; a picture, immediately below those words, of the interior of a cigar factory while occupied by the employés of the manufacturer; and a fac-simile of Bijur's signature, together with the initials "A. B." The label used by the plaintiff consisted of the words " La Normandi " at its top, beneath those words a picture of the interior of a cigar factory as above stated, and at the bottom of the picture the following words and a fac-simile signature of M. Stachelberg, to wit: " Genuine La Normandi Segars are branded with my initials and the labels inside are signed in my own handwriting. M. Stachelberg. Entered according to act of Congr. A.D. 1866 by M. Stachelberg in the Clerk's Office of the Dis. Court of the Southern District of N. Y."[1]

By the decree below, the bill was dismissed, upon the ground that when a right to the use of a trade-mark was transferred, either by the act of the original owner or by operation of law, "the fact of transfer should be stated in connection with its use; otherwise a deception would be practised upon the public." *Stachelberg* v. *Ponce*, 23 Fed. Rep. 430.

---

[1] The appellants' brief contained a copy of this label, as used by the complainants, from which copy the following cut has been made.

*Mr. Rowland Cox* for appellants.

*Mr. William Henry Clifford* for appellee.

MR. JUSTICE HARLAN delivered the opinion of the court.

After stating the facts as above, he continued : We are of opinion that the plaintiffs are not entitled to an injunction restraining the defendant from using the words "La Normanda" or "Normanda" as part of a brand or label for cigars manufactured or sold by him. If it was satisfactorily shown that those words were not used in the trade to designate a particular kind of, cigars, until after the words "La Normandi" or "Normandi" had become a part of the established trade-mark of Bijur, it might be necessary to consider whether the former words taken in connection with the entire label or brand used by the defendant, his mode of packing his cigars, and their size and appearance, were calculated to deceive the public by inducing the belief that they were the same cigars as La Normandi cigars, manufactured and sold by Bijur, and by the plaintiffs. But no such case is made by the proof. On the contrary it appears, by a preponderance of evidence : 1. That the mode in which Bijur, and after him Stachelberg & Co., packed their La Normandi cigars, the kind of boxes used by them, the number of cigars in each bunch, the particular color of the ribbon or tape around each bunch of twenty-five, the putting of two hundred and fifty cigars in each box, and the size and shape of the cigars, were all old in the trade, preceding, in point of time, the adoption by Bijur of the words "La Normandi" as part of his trade-name; 2. That for several years prior to the adoption by Bijur of his trade-mark, and from about that date until the bringing of this suit, cigars resembling the La Normandi cigars, in size and shape, in the color of the ribbon or tape by which the bunches of twenty-five were tied, and in the manner in which they were put up and packed, were and have been made and sold, in quite large numbers, in different parts of this country, under the name of "La Normanda." An effort is made to discredit the evidence

establishing these facts, by showing by witnesses, engaged for many years in the business of manufacturing and selling cigars, that they never knew or heard of any being sold under the name of "La Normanda." But the evidence to that effect is entirely negative in its character, and is not sufficient to overcome the direct, positive testimony of witnesses, some of whom, as early as 1853, actually manufactured and sold "La Normanda" cigars of the kind above described, while others remember that domestic cigars, under that designation, were in the market before Bijur commenced the manufacture of the "La Normandi" cigars. In this view of the evidence the plaintiffs are not entitled to the relief asked. The adoption by Bijur of the words "La Normandi," as part of his trademark, could not take away the right previously acquired by the public in the use of the words "La Normanda" as indicating a particular kind of cigars.

This conclusion is sufficient to dispose of the case, and renders it unnecessary to consider other grounds upon which, it is insisted, the decree below should be sustained.

*The decree is affirmed.*