EDWARD J. CLODE, Respondent, *v.* CHARLES SCRIBNER'S SONS, Appellant.

First Department, March 17, 1922.

Trade names and unfair competition — plaintiff cannot restrain use of words "Drawing Made Easy" in title to book where defendant's predecessor published and copyrighted book under that title before plaintiff secured copyright and trade-mark — use of name "Made Easy" by others than defendant shows that plaintiff did not have exclusive right — defense of prior use by defendant and others not provable under general denial — defense should not be stricken out.

The plaintiff cannot restrain the defendant from using the words "Drawing Made Easy" as the title to a book sold by the defendant, where it appears that the defendant's predecessor published and copyrighted a book under that name before the plaintiff published his book and procured a trade-mark thereupon, though after the plaintiff had procured his trade mark the defendant acquired title to its book and republished and recopyrighted it.

Accordingly, it was error to strike out the defense interposed by the defendant of prior use and copyright of a book under the title in question and the use and copyright by the defendant of the second edition of the book under authority from the original user. It was error also to strike out the defense that the name "Made Easy" was used prior to the time of its adoption by the plaintiff not only by the defendant but by others in the publication of similar books, for if it can be shown that the plaintiff did not have the exclusive right to the use of the name by reason of a prior adoption, he cannot succeed, and his securing a trade mark for the name gives him no greater protection.

The order striking out the said defenses cannot be sustained on the ground that the defenses may be shown under the general denial, for the complaint does not allege a prior use of the name by the plaintiff nor does it negative the fact that the name had been used by the defendant and others prior to procuring this so-called trade-mark upon which plaintiff rests its claim.

Furthermore, where there is doubt whether matters alleged may be proven under a general denial, it is clear that the court should not strike out the special defenses from the answer.

APPEAL by the defendant, Charles Scribner's Sons, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of January, 1922, granting plaintiff's motion to strike out the first and second defenses of the amended answer.

*Ver Planck, Prince & Burlingame* [*Harry D. Nims* of counsel], for the appellant.

*Brodek & Raphael* [*Charles A. Brodek* of counsel], for the respondent.

SMITH, J.:

The action is brought to restrain the defendant from the use of the words "Drawing Made Easy," as a title to a book sold by the defendant, on the ground of unfair competition and infringement of plaintiff's trade-mark. The plaintiff, about 1918, published a

series of books which he entitled " Dressmaking Made Easy," " Drawing Made Easy," " Spelling Made Easy," " Bookkeeping Made Easy," and others, all in the series using the words " Made Easy."   The use of the words " Made Easy " by the defendant in connection with the book in question is claimed by the plaintiff to mislead the public into thinking, at least, it is one of the plaintiff's series of books.

The first defense stricken out was to the effect that one Lutz in 1912 published and copyrighted a book and pamphlet entitled " Drawing Made Easy," and continued its publication and sale until 1921.   It is further alleged that in 1921 Lutz enlarged his book and gave the defendant the right to publish and copyright it, and the defendant copyrighted it in August, 1921.   This is the book the title of which has been held to be illegally used.

I see no justification for the plaintiff's claim to the exclusive right to use the words " Made Easy " in connection with the book on drawing.   The plaintiff does not claim to be the originator of the name, but his whole claim is based upon the facts that he published his series of books in 1918 and procured a trade-mark thereupon.   The effect of this order is to hold, where this book, sold by the defendant under the name of " Drawing Made Easy," was published and coprighted from 1912 to 1921, and a second edition published and copyrighted in 1921, under the same name, that the plaintiff by attaching the name to a series of books which he published for the first time in 1918 has an exclusive right to the use of that name.   No authorities are cited to this proposition, but authorities are cited to the general proposition that where one is the original user of a name to his book he may enjoin its subsequent use by another party as unfair competition.   The difficulty is that these authorities do not reach the question here for decision.   The plaintiff cannot, by securing this trade-mark, prevent the defendant or the defendant's predecessor from using a title which is attached to a book that the defendant's predecessor published long before the plaintiff adopted the name and which he copyrighted, nor does it prevent his use of the name in a subsequent edition of the same book.   In order to recover it has been held that the plaintiff must have an exclusive right to the use of the name by reason of prior adoption, and .unless he can show such exclusive right it seems clear that his securing a trade-mark therefor gives him no greater protection.

The first defense which has been stricken out alleges this prior use and copyright of the book being sold by the defendant in 1912 and the use and copyright by the defendant himself under authority from the original user in 1921 of the second edition of the book.

First Department, March, 1922. [Vol. 200

In the second defense it is alleged that the name " Made Easy," which is a characteristic part of the trade-mark, was used prior to the time of its adoption by the plaintiff, not only by the defendant, but by others in the publication of similar books. This also constitutes a complete defense to the plaintiff's cause of action, because defendant does then show that plaintiff has not an exclusive right to the use of the name. (*O'Rourke* v. *Central City Soap Co.*, 26 Fed. Rep. 576.) In that case (at p. 579) the court said: " We see no objection to the defendant availing itself of this defense. To maintain their bill for an infringement, the plaintiffs are bound to show an exclusive right to the use of this trade-mark. If it appears that the words were in common use to designate the article of manufacture, or if the exclusive right to use them was vested in another, we apprehend that the plaintiffs are no more entitled to an injunction than is the patentee of an invention who fails to show that he is the first and original inventor of the thing patented. (*Wolfe* v. *Goulard*, 18 How. Pr. 64; *Manhattan Medicine Co.* v. *Wood*, 14 O. G. 519; *Congress & E. S. Co.* v. *High Rock Co.*, 57 Barb. 526.) In this respect both stand in the position of a plaintiff in ejectment, who must recover upon the strength of his own title, and not upon the weakness of defendant's. Indeed, it is a good defense to an ordinary action of replevin that the right to the possession of the property is in a third person. (*Dermott* v. *Wallach*, 1 Black, 96; *Schulenberg* v. *Harriman*, 21 Wall. 44.) The fact that defendant has no better right to the use of the trade-mark than the plaintiff would certainly not entitle the latter to an injunction. Upon the whole, we have come to the conclusion that the plaintiffs never acquired an exclusive right to the use of the words ' Anti-Washboard,' and that their bill should be dismissed." The same rule was held in *Columbia Mill Co.* v. *Alcorn* (150 U. S. 460), where the plaintiff claimed the exclusive right to the use of the word " Columbia " in a brand placed on flour by it. It was shown that other dealers had used the name in connection with the sale of flour, and the opinion says: " The word ' Columbia ' having been thus previously appropriated and used upon barrels and sacks of flour, was not subject to exclusive appropriation thereafter by the complainant, so as to make it a valid trade-mark such as the law will recognize and protect." The same rule was held in *Stachelberg* v. *Ponce* (128 U. S. 686), where the defendant used as his trade-mark for cigars " Normandie," or " La Normanda," and packed his cigars in substantially the same manner as plaintiff. The evidence showed that prior to plaintiff several dealers sold cigars packed in this manner under the name " Normanda." It

was held that the plaintiff was not entitled to an injunction, the court saying (p. 691): " The adoption by Bijur of the words ' La Normandi ' as part of his trade mark could not take away the right previously acquired by the public in the use of the words ' La Normanda ' as indicating a particular kind of cigars." In *National Picture Theatres, Inc.,* v. *Foundation Film Corporation* (266 Fed. Rep. 208–210) Judge HOUGH says: " Where unfair competition is charged, ' the rights of the parties are to be determined (by principles) similar to those which are well known to govern trademarks, although the combination of elements is more complex than in devices which commonly go by that name ' (per HOLMES, J., *New England, etc., Company* v. *Marlborough, etc., Co.,* 168 Mass. 154). To expand this thought, the plaintiff must have a right in being, an actual property right, to protect."

There are cases which hold that the title of a copyrighted book is not protected by the copyright, but an examination of these cases will show that in each of them the plaintiff was the author or owner of a play based on the original use of the name. The cases present an attempt to protect the first user. The case at bar is an attempt to destroy the right of the first user.

It is claimed on behalf of the plaintiff, however, that this order may be sustained because these defenses may be shown under a general denial. But the difficulty is that the complaint in the action nowhere alleges a *prior* use of this name by the plaintiff, and nowhere negatives the fact that the name had been used by the defendant and others prior to this so-called trade-mark upon which it rests its claim. In any event, where there is doubt whether matters alleged may be proven under a general denial, it is clear that the court should not strike out the special defenses from the answer, because the facts alleged may certainly properly be shown, and whether under a denial of the plaintiff's right, or under an affirmative defense, it matters little.

The order, therefore, striking out these defenses must be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.