In the Matter of BALDWIN GARDENS, INC., Petitioner, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.

Supreme Court, Special Term, Nassau County, October 19, 1950.

*Eugene R. Hurley* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Abe Wagman* and *Beatrice Shainswit* of counsel), for respondent.

Hooley, J. This proceeding is brought under article 78 of the Civil Practice Act, to restrain the New York State Rent Administrator from enforcing the maximum rent established by him pursuant to chapter 250 of the Laws of 1950, entitled "Emergency Housing Rent Control Law", on the ground that such law is unconstitutional insofar as it affects the petitioner. The respondent has cross-moved to dismiss the petition both on jurisdictional and substantive grounds.

The petitioner is the owner of a 159-family apartment house built in 1940.

Petitioner makes four claims: *First:* That the maximum rent has been established arbitrarily in that the basis adopted had no relation to a fair or reasonable rent, whether considered generally and as a class, or individually; *Second:* That the classification of buildings subject to rent control was arbitrary and discriminatory in that certain buildings, otherwise identical, were exempted or excluded on the sole basis of the date of construction; *Third:* That agreements for the rent of vacant apartments were placed in the same category as agreements extending the term of existing rentals, and that such a classification is, as to such vacant apartments, demonstrably irrelevant to the "serious public emergency (existing) in the housing of a considerable number of persons in the State of New York"; *Fourth:* That, as a matter of fact, in the county of Nassau, there is no emergency in housing of any kind for any number of persons and that, accordingly, the State has no power, either temporarily or permanently to interfere with the freedom of the citizen to make rental contracts.

The respondent urges that an article 78 proceeding may not be brought to obtain an injunction and in any event, he contends

that *Teeval Co.* v. *Stern* (301 N. Y. 346) is dispositive of all the questions raised by petitioner herein.

In the briefs, the argument with respect to whether an article 78 proceeding is maintainable, has been narrowed down to the point that petitioner now concedes that he is moving against respondent by means of what was formerly known as a writ of prohibition. Section 1283 (art. 78) of the Civil Practice Act provides: " The classifications, and writs and orders of certiorari to review, mandamus and prohibition are hereby abolished. The relief heretofore obtained by such writs or orders shall hereafter be obtained as provided in this article. Wherever in any statute reference is made to a writ or order of certiorari, mandamus or prohibition, such reference shall, so far as applicable, be deemed to refer to the proceeding authorized by this article." Section 1284 of the Civil Practice Act, which is part of article 78, provides in subdivision 4 thereof: " The expression ' to restrain a body or officer exercising judicial or quasi-judicial functions from proceeding without or in excess of jurisdiction ' refers to the relief heretofore available in a prohibition proceeding."

Accordingly, the question arises as to whether the duties of the State Rent Administrator, which are sought to be restrained herein, are judicial or quasi-judicial functions. These duties are in petitioner's own language in the complaint, " enforcing the prohibitions contained in Chapter 250 of the Laws of 1950 " and (establishing) " the maximum rent  *  *  *  for the aforesaid housing accommodations of the said petitioner."

Enforcement of the law is obviously an administrative task. And the other duty of setting maximum rents has just been held by the Court of Appeals to be a legislative function. See *Wasservogel* v. *Meyerowitz* (300 N. Y. 125 [1949]) which upheld retroactive rent increases granted by the Federal Housing Expediter, despite the fact that the tenants were not notified of the landlord's application. In holding that tenants had no constitutional right to notice, the court stated (p. 132): " A statutory tenant holds over not because he has any property right or estate in the premises, but because emergency laws forbid his eviction. *Fixation of the maximum amount to be paid by him as rent during such emergency occupation is not a judicial but a legislative act,* the actual computation thereof being validly delegated by Congress to an administrative agency  *  *  *. As pointed out in *Bowles* v. *Willingham*  *  *  * Congress itself could have fixed emergency rentals without any

hearing and without notice to landlord or tenant and ' Congress need not make that requirement when it delegates the task to an administrative agency ' (see, also, *Matter of Beekman* v. *Ross,* 298 N. Y. 891)."

The Legislature has specifically fixed the initial maximum rent (Residential Rent Control Law, § 4); the administrator exercised purely ministerial or legislative powers in adopting a regulation (§ 21) which follows the statutory direction.

Thus the main prerequisite for the issuance of prohibition — judicial or quasi-judicial action — is absent.

Furthermore, prohibition is available only for action not yet completed. (10 Carmody on New York Practice, § 804; *People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383, 393 [1906]; *Matter of City of New York* v. *Maltbie,* 158 Misc. 439, 440, affd. 248 App. Div. 36 [3rd dept. 1936].) Here the administrative determination — the commissioner's regulation as to the maximum rent herein — has already been adopted and promulgated.

In addition, prohibition is an extraordinary remedy, which necessity alone justifies. An order of prohibition will be issued only in cases of extreme and unusual necessity, where the applicant would be remediless without it and where the grievance cannot be redressed by ordinary proceedings at law or in equity (10 Carmody on New York Practice, § 815 and cases cited).

Accordingly, the court is of the opinion that the remedy of prohibition does not lie in the case at bar.

In view of this finding, the court does not pass upon the merits of the case.