ALICE E. PITTS, Plaintiff, *v.* JOSEPH D. McGOLDRICK, State Rent Administrator, as Temporary State Housing Rent Commission, Defendant.

Supreme Court, Special Term, Nassau County, March 27, 1951.

*Eugene R. Hurley* for plaintiff.

*Nathaniel L. Goldstein, Attorney-General* (*Beatrice Shainswit* of counsel), for defendant.

HOOLEY, J. This is a motion by the plaintiff to strike out the first affirmative defense contained in the answer on the ground that it does not consist of new matter and is insufficient in law upon the face thereof, to strike out the second affirmative defense contained in the said answer on the ground that it is insufficient in law upon the face thereof, and for other relief.

The defendant cross-moves for an order granting judgment on the pleadings in favor of defendant.

It is well settled that a motion to strike out a defense on the ground that it is insufficient in law upon the face thereof searches the record and presents for determination the sufficiency of the complaint itself. (*Small* v. *Sullivan*, 245 N. Y.

343; *Baxter* v. *McDonnell*, 154 N. Y. 432; *Mattingly* v. *News Syndicate Co.*, 192 Misc. 610.) Accordingly, the court will first consider the cause of action set forth in the complaint.

A reading of the complaint reveals that the action is brought by the owner of a two-family house in Mineola, Nassau County, against the State Rent Commission for a declaratory judgment holding that chapter 250 of the Laws of 1950 (amdg. L. 1946, ch. 274, as amd.; New York State Residential Rent Law) is unconstitutional and void insofar as it may apply to the vacant apartment in plaintiff's house. Plaintiff occupies the second apartment. The house in question was built prior to February 1, 1947. Under the statute aforesaid all housing accommodations completed on or after February 1, 1947, are exempted from control.

Paragraph "Eleventh" of the complaint sets forth the chief objection of plaintiff to the statute aforesaid as follows: "That the action of the Administrator in establishing maximum rents pursuant to said Pretended Law (a) prevents Plaintiff from bargaining with others for the occupation of her vacant apartment at a rent which the prospective tenant is willing to pay and she is willing to receive; (b) greatly reduces the value of Plaintiff's property by prohibiting the acceptance of a rent in excess of the maximum rent for the said vacant apartment from a tenant willing and able to pay it and by preventing the letting of the said apartment by Plaintiff except for a rent arbitrarily fixed by the said Administrator; (c) so greatly reduces the value of the Plaintiff's property as to exceed the bounds of reasonable regulation and to amount to a taking of the property without compensation; (d) discriminates between Plaintiff and the owners of like properties erected on or after February 1st, 1947, on the arbitrary and capricious ground that Plaintiff's property was completed before February 1st, 1947; and (e) takes Plaintiff's property for a private use insofar as the maximum rent applies to the letting of Plaintiff's vacant apartment."

The plaintiff, as outlined in her brief, restricts her challenge to the constitutionality of the law to two features of it which plaintiff claims are arbitrary, capricious and discriminatory as follows: "*First*: That the classification of buildings subject to rent control was arbitrary and discriminatory in that certain buildings, then in existence and otherwise identical, were exempted or excluded on the sole basis of the date of construction. *Second*: That agreements for the rent of vacant apartments were placed in the same category as agreements extend-

ing the term of existing rentals, and that such a classification is, as to such vacant apartments, demonstrably irrelevant to the ' serious public emergency (existing) in the housing of a considerable number of persons in the State of New York.' "

In attempting to sustain the sufficiency of the complaint she argues that this is probably the boldest case of discrimination on record.

The plaintiff argues that if the division of units had been between those now erected and those which might be erected after the adoption of the new statute it would be a natural and logical division and would bear a proper relation to the object of the regulation, as for instance, by encouraging the creation of new units and thus placing such units to be constructed in a more favorable position than the already existing ones. Plaintiff asserts that a division of already existing units on the basis of date of construction cannot serve any rational purpose and that owners of apartment houses beyond a certain age should not be compelled to accept rents arbitrarily set by the State while reasonable rents, or even excessive ones, are paid to the owners of all other houses.

The plaintiff points out that the Federal Law which exempted the same group from control was enacted in 1947 (Housing and Rent Act of 1947, U. S. Code, tit. 50, Appendix, § 1881 *et seq.*) and that the reason for exempting houses built after February 1, 1947, was to encourage new building. It is urged by plaintiff that if the New York State Residential Rent Law passed in 1950 had exempted apartments built after March 1, 1950, there could be no quarrel with the law as the classification would then rest on a reasonable basis, viz., the encouragement of future building.

The plaintiff also attacks the attempt to regulate the rent of vacant apartments by setting a maximum rent for apartments which includes vacant apartments, and points out that inasmuch as such apartment has no tenant, no particular person's health or safety is affected by the rent to be charged.

The defendant asserts that the attack upon the constitutionality of the State Residential Rent Law is wholly unsound and has already been disposed of by the Court of Appeals.

The defendant also argues that all of the plaintiff's contentions have been fully disposed of by the Court of Appeals in the case of *Teeval Co.* v. *Stern* (301 N. Y. 346) and that in such case the constitutionality of the law was fully upheld except as regards certain Federal rent increases ordered prior to May 1, 1950, which exception is not pertinent herein. The defendant further points out that when the *Teeval Co.* case (*supra*) was

before the Court of Appeals, the attorney for the plaintiff in an *amicus curiæ* brief of sixteen pages raising the very same issues now at bar, presented to the Court of Appeals all of the arguments which are made here and that all of them were rejected by that court with no extended comment.

It is here noted that when the Court of Appeals had before it the *Teeval Co.* case (*supra*) the attorney for the plaintiff herein in the capacity of *amicus curiæ* obtained permission of the court to file a brief in the case of *Matter of Baldwin Gardens* v. *McGoldrick* (198 Misc. 743), which was then pending before this court, in which said attorney set forth the same claims as to the unconstitutionality of the act that he makes here. It is true that the Court of Appeals in sustaining the constitutionality of the act made no reference to the points raised, probably because the *Baldwin Gardens* case was not before the court for decision and because those points were not before the court in the cases there decided. It is this court's opinion that at least the constitutional question with respect to the classification of buildings subject to rent control by date of construction raised upon this application was not decided in *Teeval Co.* v. *Stern* (*supra*).

If the State had not taken over housing rent control there would be no attack such as is raised herein upon the constitutionality of the Federal regulations in regard to the exemption of housing accommodations erected after February 1, 1947, and the failure to exempt vacant housing accommodations from control. The State law merely followed the Federal statute in these respects. The mere change in the legislative and enforcing authority should have no effect on the situation as respects constitutionality. In following the February 1, 1947, date, no doubt the Legislature had in mind the protection of those landlords who in good faith had erected houses relying on the Federal exemption of housing erected after February 1, 1947. The court is of the opinion that the exemption in question is eminently reasonable.

" The challenged classification is too obviously justified to need explanation (*Brown Holding Co.* v. *Feldman,* 256 U. S. 170, 199 * * * )." (*Teeval Co.* v. *Stern, supra,* p. 361.)

As regards vacant apartments, the answer is that effective rent control requires that all apartments, vacant or occupied, be under control or else the inducement to wholesale evasion of eviction controls would be tremendous. Attempts to evict so as to obtain vacant decontrolled apartments would create chaos.

The court is of the opinion that the statute in question is

constitutional as respects the February 1, 1947, date and as respects the control of vacant apartments and that therefore the complaint is insufficient as a matter of law.

This conclusion would normally obviate the necessity for proceeding further with plaintiff's motion.

However, as it is likely that this case will be appealed the court has decided to consider the plaintiff's attack on the defenses so that these phases of the matter will be before the appellate tribunal.

The first defense attacked is designated as the first separate and complete defense and reads as follows:

" 4. The Emergency Housing Rent Control Law, as amended by Chapter 250 of the Laws of 1950, is a valid and necessary exercise of the police power of the State, designed to meet a public emergency and to avoid peril to the health, safety and general welfare of the citizens of the State, and reasonably and appropriately drawn to accomplish these public purposes declared necessary by the Legislature.

" 5. The actions by defendant of which plaintiff complains were necessary and proper to effectuate the purpose of the Emergency Housing Rent Control Law, as amended by Chapter 250 of the Laws of 1950, were in accordance with law, and were neither arbitrary nor capricious."

Plaintiff's attack on the first defense herein is based on two grounds (1) that it does not consist of new matter and (2) that it is insufficient in law upon the face thereof.

As to the first ground the court is of the opinion that the defense does consist of new matter. In the complaint the plaintiff refers to chapter 250 of the Laws of 1950 as the " Pretended " law. Therefore the defendant in order to show the reason and necessity for the law has pleaded the allegations set forth in paragraphs 4 and 5 of the answer. Even if we were to assume that there were some doubt as to whether the defense could be proved under a general denial it should be resolved in favor of the pleader (*Wolfman* v. *Kadel*, 250 App. Div. 773; *Clode* v. *Scribner's Sons*, 200 App. Div. 532; *Morgan Munitions Co.* v. *Studebaker Corp.*, 226 N. Y. 94). While the defense is somewhat conclusory in form it is sufficiently factual to indicate that there is a public emergency and a peril to the health, safety and general welfare of the citizens of the State which necessitated the statute in question.

Assuming the truth of the allegations in such defense, the court holds that the first defense is sufficient as a matter of law.

The second defense attacked is designated as the second separate and complete affirmative defense and reads as follows:

" 6. Plaintiff has failed to protest, in accordance with sections 7 and 8 of the Emergency Housing Rent Control Law, as amended by Chapter 250 of the Laws of 1950, the sections of the Rent and Eviction Regulations to which she objects, and the actions of defendant by which she claims to be aggrieved.

" 7. Said failure to make a proper protest to defendant, before commencing the instant action, is in violation of said Act, and bars plaintiff from maintaining the instant action."

The defendant argues that the Legislature has provided a remedy for persons feeling aggrieved by the regulations of the Temporary State Housing Rent Commission which this plaintiff should avail herself of, thereby giving the latter the opportunity for reconsideration in the light of the protestant's objection. The defendant contends that the complaint herein involves a direct challenge to the validity of the regulations promulgated by defendant, i. e., subdivision 3 of section 9 thereof, exempting from control housing accommodations completed on or after February 1, 1947, and section 8 thereof, subjecting to control plaintiff's property without exemption based on the fact of its vacancy. The defendant points out that in the absence of a protest to the administrator with a consequent review under article 78 of the Civil Practice Act, in the Supreme Court if plaintiff felt aggrieved, the plaintiff is precluded from challenging the regulations promulgated to implement the legislative policy on rent control.

The court does not concur in this view. It is to be borne in mind that the plaintiff is attacking the statute herein and not any of the regulations promulgated thereunder.

Section 7 of the State Residential Rent Law (as amd. by L. 1950, ch. 250) provides with reference to procedure: " 7. * * * At any time after the issuance of any *regulation* or order under section four any person subject to any provision of such regulation or order may, in accordance with regulations to be prescribed by the commission, file a protest against such regulation or order specifically setting forth his objections to any such provisions and affidavits or other written evidence in support of such objections." (Italics supplied.)

Section 4 referred to in section 7 authorizes the commission to adopt and promulgate regulations necessary to effectuate the purposes of the act including practices relating to recovery of possession and also authorizes the making of regulations to cover individual adjustment between landlord and tenant in different enumerated situations.

Section 8 then provides for a review under article 78 of the Civil Practice Act, which may be made by any person who is aggrieved by the denial or partial denial of his protest.

Section 91 of the Rent and Eviction Regulations provides in part: " 1. Any person aggrieved by these *regulations* or by an order issued by a Local Rent Administrator may file a protest to the Administrator in the manner provided in these regulations." (Italics supplied.)

Section 92 of the regulations provides that a protest " against any provision of these *regulations* may be filed at any time after the effective date thereof." (Italics supplied.)

It is clear from a reading of the foregoing sections of the act and regulations that they have no application where the attack is directly against the *statute* itself.

The cases cited by the Attorney-General (*Yakus* v. *United States,* 321 U. S. 414; *Aircraft & Diesel Corp.* v. *Hirsch,* 331 U. S. 752; *Gates* v. *Woods,* 169 F. 2d 440) are not pertinent to the situation here present.

Accordingly the second defense is insufficient in law and is stricken.

It is unnecessary to pass on the other phase of plaintiff's motion.

The plaintiff's motion is in all respects .denied, except as hereinbefore set forth, and defendant's motion for judgment on the pleadings is granted. Settle order on notice.