William C. Hecht, Jr., J.
Plaintiff instituted suit seeking a declaratory judgment that, inter alia, section 2 (subd. 2, par. [b]) of the State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1959, ch. 695) is inapplicable to make plaintiff’s premises subject to rent control and that section 4 (subd. 2, par. [b]) is unconstitutional.
The gist of plaintiff’s grievance is that its hotel never having been previously controlled and having at all times been a hotel free of rent control, it could not now be controlled.
The pertinent statutes provide as follows:
“ § 2. Definitions. '* * *
“ 2. ‘ Housing accommodations. ’ Any building or structure, permanent or temporary, or any part thereof, occupied or intended to be occupied by one or more individuals as a residence, home, sleeping place, boarding house, lodging house or hotel * * * except that it shall not include structures in which
all of the housing accommodations are exempt or not subject to control under this act or any regulation issued thereunder; or
*88 “ (b) notwithstanding any previous order, finding, opinion or determination of the commission, housing accommodations in any establishment which on March first, nineteen hundred fifty, was and still is commonly regarded as a hotel in the community in which it is located and which customarily provides hotel services such as maid service, furnishing and laundering of linen, telephone and secretarial or desk service, use and upkeep of furniture and fixtures, and bellboy service, provided, however, that the term hotel shall not include any establishment which is commonly regarded in the community as a rooming house, irrespective whether such establishment provides either some services customarily provided by hotels, or is represented to be a hotel, or both; and provided further that housing accommodations in hotels only within the cities of Buffalo and New York which have been and still are occupied by a tenant who has resided in such hotel continuously since December second, nineteen hundred forty-nine, so long as such tenant occupies the same, shall continue to remain subject to control under this act
“ § 4. General powers and duties of the commission. * * *
“ 2-b. Provision shall be made pursuant to regulations prescribed by the commission for the establishment, adjustment and modification of maximum rents in rooming houses, which shall include those housing accommodations subject to control pursuant to the provisions of paragraph (b) of subdivision two of section two of this act, having regard for any factors bearing on the equities involved, consistent with the purposes of this act to correct speculative, abnormal and unwarranted increases in rent. ’ ’
The constitutionality of these statutes is directly attacked, despite the fact that plaintiff also contends that the statutes do not apply to it and that the regulations made in implementing the amended statutes are improper since no proper guide is furnished for administrative action. In short, it is contended that the regulations and the administrative order are legislative in effect.
It appears from the complaint, as previously indicated, that the Local Bent Administrator re-established control of the plaintiff ’s premises in the proceeding initiated by the respondent. A protest has been duly filed, an answer has been served in this action, and the defendants consented to plaintiff’s application for a temporary injunction.
Defendants now move for dismissal of the complaint, pursuant to rule 106 of the Buies of Civil Practice, for legal insufficiency, *89 and, pursuant to rule 212, that upon the basis of the complaint the court in the exercise of discretion is not warranted in retaining jurisdiction.
Defendants claim that the attacks on the constitutionality of the afore-mentioned statutes are spurious and that plaintiff should pursue its remedy or protest and, if necessary, by a proceeding pursuant to article 78.
I agree with plaintiff that remedy by administrative review and then judicial review under article 78 is not proper where constitutionality and construction of a statute are involved and that assuming that administrative review under article 78 is proper, it is not adequate and that plaintiff’s only adequate remedy is by its present action.
In Pitts v. McGoldrick (200 Misc. 150, affd. 302 N. Y. 938) a direct attack on the rent act by a plenary suit was sustained. Moreover, as plaintiff correctly maintains, its motion for a temporary injunction in this matter was based entirely upon its complaint, and defendants obviously conceded the sufficiency thereof by consenting to the issuance of an order of this court granting such injunction pendente lite.
I agree that challenging the sufficiency of the complaint at this time after consenting to a temporary injunction is inconsistent with defendants’ prior actions. Accordingly, this motion is in all respects denied.