OLUFINE ANDERSON et al., Appellants, *v.* ROBERT M. BURKARDT, Respondent.

Argued June 11, 1937; decided July 13, 1937.

*Robert L. Callahan* for appellants. It was error for the trial court to charge that the defendant had the right of way as matter of law. (*Ward* v. *Clark,* 232 N. Y. 195; *Metzger* v. *Cushman's Sons, Inc.,* 243 N. Y. 118; *Shirley* v. *Larkin Co.,* 239 N. Y. 94; *Shuman* v. *Hall,* 246 N. Y. 51; *Plantz* v. *Greiner,* 232 App. Div. 73; *Boylan* v. *Whitehouse,* 229 App. Div. 372; *Edick* v. *Davenport,* 218 App. Div. 198; *Dauch* v. *Theed,* 209 App. Div. 682.) The

trial court erred in its charge respecting the guest rule. (*Michelson* v. *Stuhlman*, 272 N. Y. 163; *Burd* v. *Bleischer*, 208 App. Div. 499; *Sinica* v. *New York Rys. Co.*, 190 App. Div. 727; *Kirchner* v. *State*, 223 App. Div. 543; *Elarde* v. *Mundt*, 236 App. Div. 814; *Barrett* v. *Third Ave. R. R. Co.*, 45 N. Y. 628.)

*Leo F. Potts* for respondent. Plaintiff cannot complain of the charge with respect to the right of way. (*Zvonik* v. *Interurban St. Ry. Co.*, 88 N. Y. Supp. 399; *Bresslin* v. *Star Co.*, 166 App. Div. 89; *Hurley* v. *Olcott*, 134 App Div. 631; *Robinson* v. *Insurance Co. of North America* 198 N. Y. 523; *Thomas* v. *Union Ry. Co.*, 18 App. Div. 185; *Shuman* v. *Hall*, 246 N. Y. 51.)

CRANE, Ch. J. The plaintiffs, husband and wife, were riding in an automobile driven by their son along Rocky Hill road in Queens county, New York, on December 8, 1934, when the car was struck by the defendant's auto coming in the opposite direction. The son was turning to his left into Two Hundred and Twenty-second street when the defendant's car was 400 or 500 feet away, according to the plaintiffs' testimony.

Subdivision 4 of section 82 of the Vehicle and Traffic Law (Cons. Laws, ch. 71) provides in part that "Every driver of a vehicle approaching an intersection shall grant the right of way at such intersection to any vehicle approaching from his right, * * *." The County Judge, without referring in terms to this statute, charged the jury that the defendant had the right of way. So, also, article II, section 6, of Traffic Regulations promulgated by the Police Department. Irrespective of any such regulations, one turning across traffic must use care commensurate with the situation and look out for approaching cars, but he is not obliged to wait until every one in sight has passed. Others must also show consideration and use like care not to hit the turning car. The relative rights depend upon distance and speed. The judge, we think, made these cautionary rules sufficiently plain to the jury.

A passenger may recover for injuries received in a collision between two automobiles even though both drivers were at fault. (*Michelson* v. *Stuhlman*, 272 N. Y. 163; *Prindle* v. *Rockland Transit Corp.*, 271 N. Y. 580.) This is the so-called "guest rule." It does not apply, however, to the owner who is being driven in his own car; he is no guest. The record before us fails to show who owned this car. Father and mother sat in the back seat; the son operated the car. As he made a report of the accident we will assume he was the owner, and father and mother guests. While the judge could have made the law of contributory negligence as applicable to guests a little clearer, we think that, taking the charge as a whole in connection with the evidence to which it was to apply, there was no error calling for reversal. Plaintiffs' counsel requested:

" I ask your Honor to charge the jury that even though the negligence of the driver of the automobile in which the plaintiffs were riding contributed to the injury, the plaintiffs may still recover if the jury finds the negligence of the defendant was also a direct and proximate cause of the injury sustained by the plaintiff.

" The Court: I have already so charged."

At the very beginning of his charge the judge said: " It is true that any negligence on the part of the driver of the car, the plaintiffs being passengers, is commonly what we call contributory negligence in this case but does not bar a recovery; but you must find from the evidence that it was the negligence of the defendant that was the proximate cause of the accident."

The judgment should be affirmed, with costs.

LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Judgment affirmed.