Harold Baer, J.
This is a suit for damages arising out of a collision between two automobiles. The trial was before the court without a jury. Formal findings of fact and conclusions of law were waived.
The plaintiff seeks to recover damages for personal injuries suffered and for property damage. The defendant counterclaims for similar relief.
On July 4,1956 at about 11 o’clock in the evening the plaintiff was proceeding south on Third Avenue in Manhattan. As he reached a point between 52nd and 53rd Streets, his car collided with the vehicle driven by the defendant. The defendant had just negotiated a “ U ” turn from the east side to the west side of Third Avenue where he intended to occupy a vacant parking space.
While it was a rainy night, the testimony on both sides was that the visibility was good. Plaintiff admitted that he could see for at least two blocks ahead of him.
The plaintiff’s further testimony is that he had been proceeding at a rate of 20 to 25 miles per hour, about eight feet from the westerly curb; that the light was green on the avenue as he crossed 53rd Street; that he was looking straight ahead and that there was no other traffic in front of him or going north; that he did not see the defendant or any lights from the defendant’s car; that, in fact, he did not see the defendant until the latter’s car hit his car on the left front fender.
*676 ; The defendant testified that on the evening of the accident he was on his way to a delicatessen store located on the west side of Third Avenue between 52nd and 53rd Streets; that he was proceeding north on Third Avenue and that when he reached a point approximately midway between these two streets he brought his car to a halt; that he waited until the lights controlling north and south traffic on Third Avenue turned red and that after looking both ways and observing no traffic he proceeded to make a “ U ” turn at that point; that when he reached a point approximately two feet west of the white line dividing Third Avenue he looked to his right and saw a pair of bright headlights approximately 40 or 50 feet away bearing down upon him; that he applied his brakes and a second or so later his car was struck on the right front fender by the plaintiff’s car.
While the plaintiff had a right to make a “ U ” turn at this point (Ackerman v. Fifth Ave. Coach Co., 175 App. Div. 508), he was required to use a higher degree of care than is necessary in the case of a car going directly along the highway. In other words, the degree of care required must be commensurate with the increased danger resulting from the operation of his car in this manner (cf. McComb v. Boardman, 199 App. Div. 229).
The court is of the opinion that the accident outlined above was caused mainly by the negligence of the defendant who made a“U” turn without the due care required in the circumstances, and obviously without granting the right of way to the plaintiff (Traffic Regulations of City of New York, art. 8, § 111, subd. [c], pars. 1, 2; art. 5, § 74).
The court is also of the opinion that the plaintiff was not wholly blameless. He may have been looking straight ahead, as he testified to, but if he was, how could he have failed to see the defendant’s car or at least the headlights of that car facing north or northwest directly in front of him while said car was making the “ U ” turn 1 While plaintiff had the right of way this did not give him an absolute right to continue to proceed along once he became aware, or under the exercise of due care should have become aware, of the presence of the defendant’s car (Ward v. Clark, 232 N. Y. 195).
From all the facts and circumstances here there is no doubt in my mind that the plaintiff’s failure to carefully observe the entire roadway contributed to this accident.
I have taken some pains to dwell upon the details and law of this case not because it is unusual, but on the contrary, typical of factual situations which cause frustration to courts, trying cases without juries, in the present state of our law of contributory negligence. Juries in many instances have no com *677 punction about disregarding instructions on the law of contributory negligence, but judges cannot do likewise. While the defendant in my opinion was mainly responsible for this accident, and the plaintiff only secondarily responsible, the latter is, under our law, precluded from any recovery.
If there is a serious desire to have negligence cases tried before courts without a jury, then the Legislature must recognize the need for a rule of comparative negligence. Until such time, the law of contributory negligence precludes recovery to a plaintiff even for the slightest degree of contributory negligence, as is evidenced under the facts of this case.
Judgment accordingly dismissing the complaint and counterclaim. Ten days’ stay; 60 days to make a case.