Jacob Markowitz, J.
This is a motion for summary judgment in a negligence action. One of the plaintiffs states that on July 19, 1968, about 8:30 p.m., he was operating his automobile with his wife alongside him in the front seat. That he was proceeding north on Webster Avenue with the lights in his favor. The weather was clear and the pavement dry. That as he was proceeding north he saw the defendant’s car standing, double-parked on the east side of Webster Avenue, facing north, in the same direction in which he was traveling. That defendant’s automobile was in the center lane of the northbound traffic roadway and plaintiff was proceeding north in the left lane next to the white dividing line of Webster Avenue. That when he reached a point a few feet to the rear of defendant’s car and to the left of it, defendant’s automobile suddenly, without warning, notice or signal, started up, veered to its left and into plaintiff driver’s lane of traffic, in an attempt to make a TJ turn in order to proceed south from its initial position facing north.
Defendant driver’s affidavit, in opposition to the motion, avers that he was operating his motor vehicle north on Webster Avenue and that he stopped in the center of the block between 169th and 170th Street adjacent to parked cars on the east side of Webster Avenue. That he had his directional signal light on. That he looked behind, saw no northbound traffic moving from the rear or southerly direction, but did see a southbound car, and when that southbound car had passed the place he was at, he started a left TJ turn to go south. He claims that he had remained stationary for approximately 10 seconds before so proceeding.
On his examination before trial this defendant testified that he looked in the rear vision mirror once for about two or three seconds and then about seven or eight seconds later started to move to make a U turn.
Section 51 of article 5 of the Traffic Regulations of the City of New York forbids a turn in the opposite direction upon any street in a business district. The court will take judicial notice of the fact that Webster Avenue in the vicinity of this accident is a business district. Accordingly, this was an illegal turn. Aside from that consideration, a higher degree of care is imposed on a person making a TJ turn, because of the increased danger resulting from the operation of the car in that manner. (Cf. Anderson v. Burkardt, 275 N. Y. 281; Condon v. Epstein, 8 Misc 2d 674; Huddy, Automobile Law [9th ed.], vol. 3 & 4. *53 p. 215.) To look to the rear but once and then to allow seven or eight seconds to elapse and to move out without observing to the rear again does not meet the duty resting upon a driver to exercise the requisite standard of reasonable care. During the elapsed time a vehicle approaching from the rear within the legal speed limit would traverse almost several hundred feet.
Assuming that the defendant, as he claims, had his directional signal light on for the 10 seconds that he admits he was double-parked, nevertheless plaintiffs could not have reasonably anticipated that defendant would suddenly attempt a U turn in the middle of a street with traffic lights calling for ■ north-and-southbound movement.
The claimed injuries of the plaintiff driver are inconsequential to those claimed by the plaintiff passenger. There is no indication nor claim on the submitted papers that the plaintiff passenger in any wise contributed to this accident.
The plaintiffs have established sufficiently to warrant the court as a matter of law to direct judgment in their favor. The defendant has failed to show facts sufficient to require a trial of the issues. Accordingly, the motion is granted. Settle order providing for a hearing on the assessment of damages.