■ ANITA HOBAN et al., Respondents, v. FAIRFIELD W. HOBAN et al., Defendants, and GOOD HUMOR CORP., Appellant.— Judgment, so far as appealed from, unanimously reversed on the law and the facts, and in the exercise of discretion, and a new trial granted, with costs to abide the event. Plaintiffs, who were riding in an automobile (owned by defendant Jean Hoban and operated by defendant Fairfield W. Hoban), were injured when the car collided with a truck owned by defendant-appellant Good Humor Corp. and operated by defendant Edward Horatio. Upon the trial the cause of action against defendant Horatio was severed, and a jury returned a verdict in favor of plaintiff Anita Hoban for $28,000 and for plaintiff Mary Naughton for $1,000 against the remaining defendants. Only defendant Good Humor Corp. has appealed from the judgment. At the conclusion of the trial, a close question of fact was presented as to the negligence of the drivers of both vehicles. The respective liabilities of the defendants depended upon a resolution of that question of fact and the application of the proper rule of law. However, the trial court's main and supplementary charges on that crucial issue were conflicting and confusing. The instructions, as given, were not sufficiently explicit as to the

rule to be applied in the event that it was found that only one of the defendants was negligent and there was doubt as to the culpability of the other. While a passenger may recover for injuries received in a collision between two automobiles, even though both drivers are at fault (*Anderson* v. *Burkardt*, 275 N. Y. 281, 283), recovery cannot be had against both if only one is negligent. Appellant was entitled to a clear and specific charge on this question. But, the charge, as presented, creates doubt as to the rule of law which may have governed the jury's determination of the issues. A new trial is therefore necessary, in the interests of justice, in which appellant's liability can be assessed upon clear and unequivocal instructions. Since there must be a new trial, attention should be called to an erroneous portion of the charge — to which neither party took exception — regarding the inferences which may be drawn by the jury from the failure to produce a witness. The correct charge to be given upon that question is set forth in *Noce* v. *Kaufman* (2 N Y 2d 347, 353) and *Jacobowitz* v. *Mutual Health Assn.* (10 A D 2d 159, 163). Finally, in view of our remanding the cause for a new trial, it becomes unnecessary to make any definitive ruling on appellant's further contention that the verdict for plaintiff Anita Hoban was excessive. Since, however, the matter was presented and argued before us, we note for the purpose of a guide on the new trial, that in our opinion the verdict was excessive. Concur — Botein, P. J., Rabin, Valente, McNally and Stevens, JJ.