■ ROBERTA J. SHERWOOD, Respondent, v. JUSTIN FLEMING, Appellant. (Appeal No. 1) — Judgment unanimously reversed on the law and facts and a new trial granted, with costs to abide the event. Memorandum: The testimony and photographs received in evidence clearly show that the right side of defendant's car was struck by plaintiff and, further, that the collision occurred in the curb or most westerly lane of the two southbound lanes of Scottsville Road, while plaintiff was proceeding southerly thereon and defendant was proceeding westerly in the intersection, preparatory to entering Aztec Drive. From this, an inference might be drawn that defendant's vehicle entered the intersection before plaintiff's vehicle. This inference could have been overcome in the minds of the jurors by other evidence, and in the absence of error we might not disturb the jury verdict in favor of the plaintiff. We conclude, however, that in this case the error in the court's charge may have affected the result. Clear cut questions of fact were presented and the court improperly instructed the jury that the defendant was guilty of negligence as a matter of law. The court also failed adequately to explain to the jury that the right-of-way rule dictated by section 1141 of the Vehicle and Traffic Law depended upon the position and speed of the respective vehicles at the time the defendant entered the intersection (*Anderson* v. *Burkardt*, 275 N. Y. 281; *Maryinuk* v. *Pendell*, 27 A D 2d 694; *Palmigiano* v. *Stiles*, 282 App. Div. 826). Furthermore, the court failed to explain to the jury that before the defendant could be cast in liability, they were required also to find that any negligence on his part must have been a proximate cause of the accident and injuries (*Cole* v. *Swagler*, 308 N. Y. 325, 331; *Fulton* v. *Benskin & King Bldg. & Design Assoc.*, 31 A D 2d 643; *Ortiz* v. *Kinoshita &*

*Co.*, 30 A D 2d 334; *O'Neill* v. *Hamill*, 22 A D 2d 691). Since we are directing a new trial, we point out that it was proper to exclude that portion of the written statement of Roberta J. Sherwood wherein she said, " The Sheriff said to me that I skidded about 75 feet ", since this was not a prior inconsistent statement but rather a repetition of something told to her. This was in no sense an admission of any fact pertinent to the issue, but a mere admission of what she had heard without adoption or indorsement (*Cox* v. *State of New York*, 3 N Y 2d 693, 697). (Appeal from judgment of Monroe Trial Term in automobile negligence action.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Bastow, JJ.