[Civ. No. 4181.  Second Appellate District, Division One.—February 6, 1924.]

## GEORGE W. HAIGH et al., Respondents, v. C. F. HILL, Appellant.

[1] NEGLIGENCE—PERSONAL INJURIES—OWNERSHIP OF AUTOMOBILE—OPERATION BY DAUGHTER—AGENCY—FINDING.—In an action for damages for personal injuries received as the result of having been struck by an automobile, where it is established that one of the defendants was the owner of the car and was actually riding therein at the time of the accident, and it is further shown that the car was being operated at the time by his adult daughter, the other defendant, the court is justified in finding that the former operated said automobile at said time and place by his duly authorized agent.

[2] ID.—CONTROL OVER CAR—EXCLUSION OF EVIDENCE—ABSENCE OF PREJUDICE.—Assuming that the trial court erred in sustaining plaintiffs' objection to the question asked of said defendant father, while testifying in his own behalf, whether he had or exercised "any control or operation over this . . . car on this particular evening before and immediately preceding the accident," on the ground that such question called for a conclusion, inasmuch as under the ruling as made the question easily could have been restated in a manner that would have conformed to the ruling and yet would have drawn from the witness the desired testimony, such ruling did not constitute reversible error.

---

1.  Liability of owner where automobile is being used by a member of owner's family, notes, Ann. Cas. 1914C, 1091; Ann. Cas. 1918E, 1137; 41 L. R. A. (N. S.) 775; 50 L. R. A. (N. S.) 59; L. R. A. 1916F, 223; L. R. A. 1917F, 365; L. R. A. 1918F, 297.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed

The facts are stated in the opinion of the court.

E. B. Drake for Appellant.

Paul Blackwood for Respondents.

CONREY, P. J.—In this action plaintiffs recovered judgment against the defendants in a sum awarded as damages for personal injuries received by Mrs. Haigh resulting from alleged negligence in the operation of an automobile. The appeal is by defendant C. F. Hill alone. He raises no question challenging the amount of the judgment. The only claim presented by appellant is that as to him the judgment should be reversed because the proved facts did not establish any liability on his part for the negligence of his codefendant and because the court erred in a ruling upon evidence relating to facts upon which his liability depends.

The complaint contained no direct statement concerning the ownership of the automobile. It merely alleged that "the defendants and each of them, their servants, agents and employees" operated and ran the automobile in such a careless and negligent manner that it caused the same to collide with Mrs. Haigh, whereby the stated injuries were inflicted upon her. The defendant Ruth Hill is the daughter of appellant, and at the time of the accident, July 14, 1921, her age was twenty-one years. In his answer, appellant denied that at the time and place of the collision "this defendant or his servants or agents or employees, operated or ran an automobile in such a or any careless or negligent manner as to cause same to collide with plaintiff or throw her violently or otherwise or at all to the pavement," etc. He further pleaded contributory negligence of Mrs. Haigh, and in that connection alleged that the defendant Ruth Hill "was at said time operating her said automobile in a careful and prudent manner," etc. He further alleged that at said time he was exercising ordinary care, caution, and prudence in the premises, and was then and there a guest of defendant Ruth Hill.

Counsel for appellant concedes that if ownership of the automobile by appellant C. F. Hill had been alleged in the complaint and not denied, then it would appear *prima facie* that Ruth Hill was his agent; but contends that the obverse of this condition is here presented.

At the time of the accident Ruth Hill was driving the car. The only other persons in the car were Mrs. Hill, who was sitting at the right of Ruth Hill on the front seat of the car, and appellant, who was occupying a place in the rear seat.

Plaintiffs, proceeding under the provisions of section 2055 of the Code of Civil Procedure, examined defendant Ruth Hill as an adverse witness. In response to a question she stated that she owned the car. Responding to further questions she stated that her father had bought the car and in March, 1920, had given it to her; that on renewing the license for this car in 1921, she had caused it to be registered again in his name, as it had been during all of 1920. At this point in the examination the attorney for defendants interfered, with the statement that "we are not going to make any point of the technical ownership of the car," although he further stated that if plaintiffs insisted on going into that matter, he could and would prove that Mr. Hill had given to Ruth Hill a bill of sale of this car. Plaintiffs' attorney later stated that he would like to again offer evidence in proof of ownership of the automobile; but he was not permitted so to do. The offer was very informal and amounts to nothing.

The "Vehicle Act" in force at the time of this accident, in section 8 thereof [Stats. 1917, p. 391], referring to transfer of ownership of automobiles, provided for notice to the motor vehicle department of the state, of the fact of any such transfer, and for the issuance of new registration certificates. "Until said transferee has received said certificate of registration and has written his name upon the face thereof in the blank space provided for said purpose by the department, delivery of said motor vehicle shall be deemed not to have been made and title thereto shall be deemed not to have passed and said intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose."

[1] It is manifest that at the time when the attorney for the defendants interrupted the examination of the witness Ruth Hill by making the statement that "we are not going to make any point of the technical ownership of the car," it was understood by the court that this was intended as an admission that (notwithstanding the existence of the said bill of sale) he was admitting that the legal ownership of the car remained vested in the defendant C. F. Hill. We think that the facts last above stated are a sufficient reply to appellant's claim wherein he contends that there is no evidence to justify the court's finding "that this defendant, C. F. Hill, either drove, operated or ran said automobile at said time and place, either personally or by any duly authorized agent." The fact being established that appellant was the owner of the car and was actually riding therein, the additional fact that another person was operating the machine, under the circumstances shown by the evidence, fully justified the inference that the driver was acting as the agent of the owner. A finding that he was in the car as her guest at that time would have been contrary to the evidence.

[2] While appellant was testifying in his own behalf a ruling was made as follows: "Q. Now, did you have or exercise any control or operation over this Dodge car on this particular evening before and immediately preceding the accident? A. No, sir. Mr. Blackwood: Objected to, and I think it calls for a conclusion. The Court: I think it does. Objection sustained. The answer is stricken out." Appellant contends that this was a substantial error, and cites authorities in support of his proposition that the court would not have erred in overruling the objection. (*Kaltschmidt* v. *Weber*, 145 Cal. 596 [79 Pac. 272]; *Nathan* v. *Dierssen*, 146 Cal. 63 [79 Pac. 739]; *Perkins* v. *Sunset Tel. & Tel. Co.*, 155 Cal. 712 [103 Pac. 190]; *Majors* v. *Connor*, 162 Cal. 131 [121 Pac. 371].)

Assuming, without deciding, that under these authorities the court erred in sustaining the objection, we do not rank it as a prejudicial error. Under the ruling as made the question easily could have been restated in a manner that would have conformed to the ruling and yet would have drawn from the witness the desired testimony. Rulings of

this class should not be accepted as a basis for the reversal of a judgment.

The judgment is affirmed.

Houser, J., and Curtis, J., concurred.