## In re HARPER'S ESTATE.

### CLAIM OF DIBBLE.

AUTOMOBILES—RELATION OF PASSENGER TO OWNER—SOCIABILITY—GUESTS.

> Plaintiff, in car owned and driven by another who himself received fatal injuries in accident in which plaintiff was injured, *held,* a guest passenger not entitled to recover, where record shows plaintiff had tendered his services as driver to car owner,

a close friend for several years, and, incident to obtaining latter's company at a football game, plaintiff agreed to help in driving the following Sunday when decedent was to go on a business trip that was deferred a day so that the wives of the respective parties might accompany them, as the sociability element was the dominant, if not the sole, thought in mind, and decedent is not shown to have been guilty of gross negligence or wilful and wanton misconduct prerequisite to recovery under the guest passenger act (1 Comp. Laws 1929, § 4648).

Appeal from Wayne; Simpson (John), J., presiding. Submitted June 11, 1940. (Docket No. 9, Calendar No. 41,022.) Decided September 6, 1940.

In the matter of the estate of Thomas M. Harper. Samuel L. Dibble presented his claim for personal injuries resulting from an automobile accident. From denial of the claim by the commissioner on claims, plaintiff appealed to circuit court. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Alexander, McCaslin & Cholette (E. Dean Alexander,* of counsel), for plaintiff.

*Vandeveer & Haggerty,* for defendant.

BUTZEL, J. The question presented by this appeal is whether the trial court correctly ruled as a matter of law that plaintiff was transported by Thomas M. Harper, deceased, ''as his guest without payment for such transportation'' and that plaintiff was not entitled to recovery for damages because of the guest act (1 Comp. Laws 1929, § 4648 [Stat. Ann. § 9.1446]; *Naudzius* v. *Lahr,* 253 Mich. 216 [74 A. L. R. 1189, 30 N. C. C. A. 179]).

Mr. and Mrs. Dibble were close friends of Mr. and Mrs. Harper for several years. They were members of a social club which gathered together

about every month at the home of some member, and they attended other social functions together. A few days before the accident which gives rise to this litigation, it appears that the Dibbles' son had two tickets to a football game for the following Saturday which he would be unable to use, and he gave them to his parents. Mrs. Dibble declined to attend because of inclement weather. Mr. Dibble invited Mr. Harper to accompany him, but it appears that the latter was reluctant to accept the invitation because he had to drive from Detroit to Sebewaing, Michigan, to obtain a signature to a contract in connection with his business. However, he accepted the invitation when Mr. Dibble offered to help with the driving on Sunday, for Mr. Harper had been driving all week and was very tired. On Saturday night the Harpers and the Dibbles had dinner together and then played cards. On Sunday morning the two couples started out for the trip. Mr. Harper drove. They traveled only a few miles when an accident occurred which resulted in fatal injuries to Mr. Harper and serious injuries to plaintiff. It is conceded that there is nothing in the record to impose liability on Harper's estate if plaintiff were only a guest. The question is whether plaintiff's purpose in accompanying Mr. Harper, to assist in driving, takes the situation out of the limitation of liability of the guest act.

Challenging the direction of a verdict for the estate, plaintiff argues that he was present only to render a service requested by Mr. Harper, and that the social and pleasure aspects of the trip were absent. Considering the evidence as a whole, the argument transcends reality. Plaintiff's offer to help with the driving on a Sunday cannot be deemed "payment" for the transportation within the meaning of the statute. Friendship and sociability are yet the keynotes of his

presence in the car. A friend invited another to attend a football game, and the latter put off his trip a day so that they and their wives might be together for the week end to enjoy their mutual company and thus combine pleasure and business. The offer to help drive was not intended as a reward for the ride, and at the time the parties themselves would have resented any suggestion that their relation was other than social. The subsequent intervention of plaintiff's self-interest should not be permitted to alter the result. The proffer of assistance in driving was only a friendly gesture, and the sociability element was the dominant, if not sole, thought. Mr. Harper was a "host" and plaintiff was his "guest" in the full and complete sense of the words. *Morgan* v. *Tourangeau,* 259 Mich. 598; *McGuire* v. *Armstrong,* 268 Mich. 152 (36 N. C. C. A. 252); *Cardinal* v. *Reinecke,* 280 Mich. 15; *Crook* v. *Eckhardt,* 281 Mich. 703. See, also, *Chaplowe* v. *Powsner,* 119 Conn. 188 (175 Atl. 470, 95 A. L. R. 1177), and annotations in 82 A. L. R. 1365 and 95 A. L. R. 1180.

Because of our decision on this element of the case, discussion of the other questions raised is needless.

The judgment is affirmed. Costs to defendant.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, MCALLISTER, and WIEST, JJ., concurred. The late Justice POTTER took no part in this decision.