[Civ. No. 21821. Second Dist., Div. Three. Jan. 22, 1957.]

SHIRLEY RAY, Appellant, v. MARION J. HANISCH, Respondent.

Rothman, Goodman & Hirschberg and Louis N. Wolf for Appellant.

Jarrett & Morgan and Joseph W. Jarrett for Respondent.

VALLÉE, J.—Appeal from a judgment of dismissal in an action for damages for personal injuries.

The complaint is in two counts. The first alleges that on July 11, 1954, while defendant was driving an automobile

owned by plaintiff in which she (plaintiff) was riding, defendant negligently drove the automobile into a ditch, resulting in injuries to plaintiff. The second count realleges these facts; and that three days before the accident plaintiff and defendant agreed to take a vacation for pleasure in plaintiff's automobile under a definite oral agreement whereby they would "share the travel expenses entailed by the said trip," and that plaintiff would not have "consented to" or "undertaken" the trip "if she did not have such an agreement with the defendant." A general demurrer to both counts was sustained with leave. Plaintiff declined to amend and she appeals from the judgment which ensued.

The parties, by agreement, supplement the complaint with these additional facts: "Mrs. Hanisch [defendant] when visiting in Los Angeles contacted Mrs. Ray [plaintiff], her old friend, and the former accepted the hospitality of Mrs. Ray to drive Mrs. Hanisch to Palm Springs to show her the sights and on one stretch of the road Mrs. Hanisch voluntarily and without prearrangement had temporarily taken over the driving when the unfortunate accident occurred in leaving the highway while negotiating a curve in the road."

Vehicle Code, section 403, commonly called the "guest law," reads:

"No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of such vehicle or against any other person legally liable for the conduct of such driver on account of personal injury to or the death of such guest during such ride, unless the plaintiff in any such action establishes that such injury or death proximately resulted from the intoxication or wilful misconduct of said driver."

Section 403 is limited to guests. (*Fernandez* v. *Consolidated Fisheries, Inc.*, 98 Cal.App.2d 91, 98 [219 P.2d 73].) Since plaintiff does not allege her injuries resulted from the intoxication or wilful misconduct of defendant, the conditions for the exemption from liability granted by the statute applicable here are: 1. A guest shall accept a ride in any vehicle upon a highway. 2. No compensation must be given for such ride.

No fact is alleged in the first count from which an inference can be drawn that plaintiff was a guest, unless the fact follows from the averment that she was the owner of the car. The question therefore is: Do the facts alleged in the first count

show that plaintiff was a guest? Whether an owner riding in a vehicle driven by another is a guest, is one of first impression in this state.

■ The terms "passenger" and "guest" have been adopted for the purpose of distinguishing a person who has given compensation within the meaning of section 403 from one carried gratuitously. (*Martinez* v. *Southern Pac. Co.*, 45 Cal.2d 244, 249-250 [288 P.2d 868].) ■ If one is a passenger, the driver is liable for ordinary negligence causing the injuries or death. (*Follansbee* v. *Benzenberg*, 122 Cal. App.2d 466, 470 [265 P.2d 183, 42 A.L.R.2d 832].)

The guest statute of Connecticut read:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of such owner or operator or caused by his heedlessness or his reckless disregard of the rights of others." (Conn. Gen. Stats., § 1628.) *Gledhill* v. *Connecticut Co.*, 121 Conn. 102 [183 A. 379], was an action by the administratrix of the estate of Gledhill against Graham. Graham, while on vacation, was visiting with Gledhill. They went on a fishing trip in an automobile owned by Gledhill in which he was seated upon the front seat. Graham was driving at the request of Gledhill. Graham negligently drove the car into a pole on the side of the road, causing injuries to Gledhill from which the latter died. There was no claim that there was any intentional misconduct on the part of Graham, or that the accident was caused by his heedlessness or his reckless disregard of the rights of others. The court refused to charge the jury that Gledhill was a guest in the automobile. A verdict was returned in favor of the plaintiff against Graham. The Supreme Court of Errors of Connecticut held (183 A. 380):

"As used in the statute the term [guest] imports that the person riding in a motor vehicle is a recipient of the hospitality of the owner or driver. . . .

"Upon the facts claimed, there is nothing which would have warranted the jury in concluding that at the time of the accident Gledhill was the guest of Graham. The two were riding in Gledhill's automobile. They were going fishing together. The automobile was being driven by Graham at Gledhill's request, and the latter was sitting on the front seat with the driver. There is nothing from which the infer-

ence could be drawn that Gledhill was enjoying the hospitality of Graham. The most that is indicated is that Graham was performing a gratuitous service for Gledhill. Proof of this fact does not make Gledhill the guest of Graham. To hold that if the owner of an automobile is riding therein and a friend is driving, the owner is the guest of the friend simply because the friend is driving, would be to import into the statute a meaning not expressed by the Legislature." *Anderson* v. *Burkardt*, 275 N.Y. 281 [9 N.E.2d 929], says the so-called "guest rule" does not apply "to the owner who is being driven in his own car; he is no guest."

A Virginia "guest law" read:

"No person transported by the owner or operator of any motor vehicle as a guest without payment for said transportation . . . shall be entitled to recover damages against such owner or operator for . . . injuries to the person . . . of such guest resulting from the operation of such motor vehicle, unless such . . . injury was caused or resulted from the gross negligence or willful and wanton disregard of the safety of the person . . . being so transported on the part of such owner or operator." (Code 1950 Va. § 8-646.1.) The Supreme Court of Pennsylvania, construing the Virginia statute and answering the contention that the plaintiff who was riding in his own car could not recover from his driver friend without proof the driver was grossly negligent or guilty of a wilful and wanton disregard of the plaintiff's safety, in *Lorch* v. *Eglin*, 369 Pa. 314 [85 A.2d 841], concluded (85 A.2d 843):

"The reason, however, why this contention is without merit is that Lorch [the plaintiff owner] was not a *guest* in the car. He was riding in his own automobile, and, while apparently there is no direct decision of a Virginia court covering such a situation, there can be no doubt as to the proper judicial interpretation of the statute applicable to the present circumstances. It was said in our own case of *Beam* v. *Pittsburgh Rys. Co.*, 366 Pa. 360, 372 [77 A.2d 634, 640]: 'It would be flying in the face of all the authorities to hold that merely by allowing Shook [the friend of the owner] to drive the car Beam [the owner] made him a bailee of the automobile and completely abnegated his right of control over the operation of his own car. Plaintiff's statement of claim alleged that Beam was a "guest passenger," but there is not a word of testimony to indicate that Beam had relegated himself to the status of a "guest" in his own automobile and had

actually bailed or turned over to Shook the car and the exclusive charge and control thereof.' "

There is an inference, in the absence of evidence to the contrary, that an owner present in his car has power to control it. And in the absence of such contrary evidence, an owner allowing a friend to drive his car has the right to govern the manner of its operation, as well as at any time to terminate the permission given and to operate the car himself. (*Grover* v. *Sharp and Fellows etc. Co.*, 66 Cal.App. 2d 736, 741 [153 P.2d 83]; *Haigh* v. *Hill*, 65 Cal.App. 517, 520 [224 P. 474]; *Beam* v. *Pittsburgh Rys. Co.*, 366 Pa. 360 [77 A.2d 634, 639].)

The primary policy underlying the guest law is to prevent recovery for ordinary negligence by a guest in a vehicle who has accepted the hospitality of the owner. (*Kruzie* v. *Sanders*, 23 Cal.2d 237, 242 [143 P.2d 704].) We think the reasoning of the Gledhill and Lorch cases is logical and unanswerable.

We conclude that the mere fact plaintiff was riding in her own car while it was driven by defendant, her friend, does not classify her as a guest within the meaning of section 403; and that the first count, standing alone, states facts sufficient to constitute a cause of action for ordinary negligence.

The sufficiency of the second count depends on whether plaintiff gave compensation for the ride. Whether an occupant of a vehicle is a guest or a passenger depends on the answer to the query: Did he or someone in his behalf give "compensation for such ride" within the meaning of section 403? (*Whitechat* v. *Guyette*, 19 Cal.2d 428, 430 [122 P.2d 47].) If an occupant gives compensation for the ride he is a passenger.

Where the driver receives a tangible benefit, monetary or otherwise, which is a motivating influence for furnishing the transportation, the rider is a passenger and the driver is liable for ordinary negligence; and this is so whether the trip is for the joint pleasure of the participants or is of a nonsocial nature. (*Whitmore* v. *French*, 37 Cal.2d 744, 746 [235 P.2d 3].) Benefits to the driver other than cash or its equivalent may be "compensation." (*Kruzie* v. *Sanders*, 23 Cal.2d 237, 241 [143 P.2d 704].) Compensation is given if the occupant accepts a ride "at the behest of the driver to assist the latter in arriving at his destination or fulfilling the object of the journey," or where a special benefit

to the driver is "the motivating influence for furnishing the transportation." (*McCann* v. *Hoffman,* 9 Cal.2d 279, 283, 286 [70 P.2d 909].) In *Druzanich* v. *Criley,* 19 Cal.2d 439 [122 P.2d 53], the sole benefit received by the driver was the promise of the passenger to share in the driving. ██ Where the inference of a tangible benefit amounting to a motivating influence rests wholly on conjecture, it is not sufficient to constitute compensation. (*Martinez* v. *Southern Pac. Co.,* 45 Cal.2d 244, 251 [288 P.2d 868].)

██ A person does not cease to be a guest and become a passenger by extending customary courtesies of the road. (*Whitmore* v. *French,* 37 Cal.2d 744, 746 [235 P.2d 3]; Rest., Torts, § 490.) Where the circumstances surrounding the parties indicate that the considerations inducing the defendant to extend transportation to the plaintiff were primarily those of hospitality or sociability, it has been held that the mere fact the plaintiff assisted with the driving, even where such assistance was contemplated from the beginning of the trip, is insufficient to change the status of the plaintiff from that of guest to that of passenger. Such assistance is regarded as merely a reciprocal gesture of hospitality or a social amenity, and not compensation for the ride. (*Dibble* v. *Harper's Estate,* 294 Mich. 453 [293 N.W. 715]; *Mayer* v. *Puryear,* 4 Cir., 115 F.2d 675; *Hoover* v. *Harris,* 177 Tenn. 467 [151 S.W.2d 152].) ██ Unless it appears that the driving assistance was the inducing cause in the extension of the transportation to the occupant, such services are not regarded as compensation. (*Cf. Druzanich* v. *Criley,* 19 Cal.2d 439 [122 P.2d 53].) ██ When the purpose of an automobile trip is social or for the joint pleasure of the participants, the exchange of social amenities or reciprocal hospitality such as sharing the cost of gasoline or oil is merely incidental and does not constitute compensation. They are a mere extension of the courtesies of the road. (*Martinez* v. *Southern Pac. Co.,* 45 Cal.2d 244, 250-251 [288 P.2d 868]; *McCann* v. *Hoffman,* 9 Cal.2d 279, 285 [70 P.2d 909]; *Hart* v. *Chaffin,* 144 Cal. App.2d 326, 330-331 [300 P.2d 905]; *Duff* v. *Schaefer Ambulance Service, Inc.,* 132 Cal.App.2d 655, 666-667 [283 P.2d 91]; *Brandis* v. *Goldanski,* 117 Cal.App.2d 42, 46 [255 P.2d 36]; *Phillips* v. *Harper,* 60 Cal.App.2d 298, 301 [140 P.2d 686]; *Yates* v. *J. H. Krumlinde & Co.,* 22 Cal.App.2d 387, 389-390 [71 P.2d 298].)

A judgment in favor of the occupant was reversed in *Stephen* v. *Spaulding,* 32 Cal.App.2d 326 [89 P.2d 683],

where the rider paid his share of the gasoline bill on the way to a bridge party. The payment was held to be not compensation but, on a pleasure trip, a mere exchange of social amenities. In *Fiske* v. *Wilkie,* 67 Cal.App.2d 440 [154 P.2d 725], payment for the gasoline by the riders in a car driven by the owner on a trip to Palm Springs and Idyllwild to study gardens, flowers, trees, and shrubs was held as a matter of law not to constitute compensation for the ride.

If the admitted facts give rise to but one reasonable conclusion the question whether compensation was given for an automobile ride is one of law. (*Winn* v. *Ferguson,* 132 Cal. App.2d 539, 543 [282 P.2d 515].)

The second count alleges nothing more than an exchange of social amenities and reciprocal hospitalities. The trip was in no sense an integral part of a business venture for the mutual advantage of the parties. (See *Walker* v. *Adamson,* 9 Cal.2d 287 [70 P.2d 914]; *Doherty* v. *Edwards,* 227 Iowa 1264 [290 N.W. 672].) The transportation was furnished by plaintiff. She had the power of control, and apparently did most of the driving. Defendant just happened to be driving at the time of the accident. The complaint itself is silent as to how or why defendant happened to be driving at the time of the accident. There is no allegation of a previous agreement to share in the driving. There is no allegation that the making of the trip by plaintiff was conditional on defendant's driving, which was the case in *Druzanich* v. *Criley,* 19 Cal.2d 439 [122 P.2d 53]. It appears from the agreement of the parties that defendant's driving at the time of the accident was a "mere courtesy of the road."

Payment of part of the travel expenses and driving the car part of the time were "merely incidental and did not constitute the moving influence for the transportation." (*Mc-Cann* v. *Hoffman,* 9 Cal.2d 279, 286 [70 P.2d 909].) The fact there was a prearrangement with respect to the payment of the travel expenses and that plaintiff would not have made the trip had the arrangement not been made, does not take her out of the category of a guest. No inference can be drawn from the facts alleged that plaintiff gave compensation for the ride. Only ordinary negligence is alleged.

We conclude that the second count does not state facts sufficient to constitute a cause of action. In view of that fact there remains to consider whether the court erred in sustaining the demurrer to the first count. The second count pleads in detail the facts on which plaintiff relies. These

facts are supplemented as to both counts by the facts agreed to by the parties. The first count is concededly based on the same facts as are averred in the second count and those agreed to. The first count must be considered in connection with the facts averred in the second count and the facts agreed to. ██ A count in a complaint premised on detailed factual allegations in another count must stand or fall with the other count. (*Ephraim* v. *Metropolitan Trust Co.*, 28 Cal. 2d 824, 833 [172 P.2d 501] ; *Orloff* v. *Metropolitan Trust Co.*, 17 Cal.2d 484, 489 [110 P.2d 396] ; *Neal* v. *Bank of America*, 93 Cal.App.2d 678, 681 [209 P.2d 825] ; *Bos* v. *United States Rubber Co.*, 100 Cal.App.2d 565, 570-571 [224 P.2d 386] ; *Stafford* v. *Russell*, 117 Cal.App.2d 326, 327 [255 P.2d 814].) ██ The first count therefore was equally vulnerable to the demurrer and it must fall. The demurrer was properly sustained as to both counts.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied February 20. 1957.