MAXINE MURRAY, administratrix of estate of George R. Murray, Jr., deceased, appellant, v. JAMES R. LANG et al., appellees.

No. 50078.

(Reported in 106 N.W.2d 643)

DECEMBER 13, 1960.

Duffield & Pinegar, of Des Moines, for appellant.

Cross, Hamill, Selby & Updegraff and Brierly, McCall & Girdner, all of Newton, for appellees.

HAYS, J.—Action to recover for the death of plaintiff's decedent who was killed as the result of a collision between the car in which he was riding, and being driven by defendant Harger, and a car being driven by defendant Lang.

The petition is in three counts. Count I, against defendant Lang, is based upon negligence and states that plaintiff's decedent was a passenger in the Harger car, but not a guest under section 321.494, Code, 1958. Count II is against defendant Harger, based upon negligence, and alleges that decedent was a passenger in the Harger car but not a guest under the statute. Count III is against both defendants and seeks recovery based upon recklessness. It alleges that decedent was a passenger in the Harger car. At the close of the plaintiff's evidence the trial court sustained motions to direct a verdict for the defendants as to each of the three counts. Plaintiff has appealed.

The collision occurred about 6 p.m., August 28, 1958, on Highway No. 6, about three miles east of Newton, Iowa. At the place in question the highway runs east and west with quite a grade or incline extending to the west. The highway is paved with a yellow "no passing" line running along the north side of the center line. The Harger car was going west toward Newton and started up this incline at a speed of 45 to 50 miles per hour. About one fourth of the way up this incline, and about 650 feet from the crest thereof, a car, known as the Wharff car, was

parked on the south shoulder, headed west with its parking lights lighted. Harry Wharff and Earl Farr were standing beside it. In the Harger car were Harger, the operator, Ruth Buchmeier and the decedent. All testified that as the car went by the Wharff car, the occupants thereof turned to the south and waved to Wharff and Farr. In so doing the Harger car swerved to the left, at least partially over the passing line, and headed in a southwesterly direction. Wharff and Farr both state that at this time they noticed the Lang car come over the crest of the hill, headed east, at a speed of about 60 miles per hour and in its proper or south lane of travel. Immediately both cars swerved to the north and collided about 350 feet east of the crest of the hill. The record is not too clear as to whether the collision was on the north of the center line or astride it. As a result thereof George R. Murray, Jr., was killed.

The car in which decedent was riding was registered in his father's name but there is some question raised as to whether or not decedent was the owner thereof. At any rate, it was with the permission of decedent's father that decedent had the car on the evening in question. As between Harger and decedent we will assume decedent was the owner. Decedent and Harger, both minors, lived in or near Newton. On the day in question they both had dates in Kellogg and went there in decedent's car. Upon arrival there, one of the girls was not available, so Harger, driving, Ruth Buchmeier, a **thirteen-year-old girl, and decedent** left for a drive-in theater in Newton. Decedent was on the right-hand side of the front seat at the time of the collision. Harger and Ruth Buchmeier were both injured and have no recollection of anything after passing and waving at the Wharff car.

■ I. While only the evidence offered by the plaintiff is before us, we have set it forth in the light most favorable to plaintiff, in determining whether or not a directed verdict should have been given. Strom v. Des Moines and Central Iowa Ry. Co., 248 Iowa 1052, 82 N.W.2d 781.

■ ■ II. Appellant alleges error, as to Count I, in the court's holding that there had been a failure of proof as to actionable negligence upon the part of defendant Lang.

The trial court recognized the rule that one acting in a sudden emergency, not of his own making, without sufficient time to determine with certainty the best course to pursue, is not held to the same accuracy of judgment as would be required of him if he had time for deliberation. 65 C. J. S., Negligence, section 17a; 38 Am. Jur., Negligence, section 41. While it also recognized the rule that ordinarily the question whether such an emergency existed and whether one so confronted acted as an ordinarily prudent person would have acted when so confronted is a question for the jury (65 C. J. S., Negligence, section 252a) it also recognized the rule announced in Koob v. Schmolt, 241 Iowa 1294, 1299, 45 N.W.2d 216, and cited in Menke v. Peterschmidt, 246 Iowa 722, 733, 69 N.W.2d 65. It is there said that negligence should not ordinarily be predicated on an emergency, not of his own making, confronting a driver who has only three seconds to make a decision. See also Rich v. Herny, 222 Iowa 465, 269 N.W. 489; Strom v. Des Moines and Central Iowa Ry. Co., 248 Iowa 1052, 82 N.W.2d 781, supra.

It appears without dispute that Harger violated section 321.304(3), Code, 1958, by crossing over the yellow "no passing" line on the pavement. No negligence is disclosed upon the part of defendant Lang, at least prior and up to the moment that he came over the crest of the hill. At this moment he found himself confronted with a car approaching him at 45 miles per hour, headed in a southwesterly direction and directly in his lane of travel. On the south shoulder, some 650 feet ahead, was a car headed west. According to evidence offered by a highway patrolman these two cars, Harger and Lang, were approaching each other at the rate of 157 feet per second which allows an elapsed time of three or four seconds before they would meet. We think as was said in Rich v. Herny, 222 Iowa 465, 470, 269 N.W. 489, 492, "the suddenness of the collision and the emergency presented were such that it cannot be said that an ordinarily prudent person would not have acted in the same manner under the same circumstances." The court properly directed a verdict as to Count I.

III. Count III, against both defendants Lang and Harger, seeks to recover for the alleged reckless operation of the

respective operators. From the direction of a verdict for both defendants, error is assigned only as it pertains to defendant Harger. We may concede here that both Lang and Harger were negligent, but, under the record, and we have set forth all the material facts as they appear therein, we fail to find any facts upon which a finding by a jury of recklessness could be upheld. Recklessness as it is used in section 321.494 means more than negligence; it means such conduct in the operation of the car as amounts to a want of care and a disregard for consequences by the operator thereof. Horst v. Holtzen, 249 Iowa 958, 973, 90 N.W.2d 41; Olson v. Hodges, 236 Iowa 612, 19 N.W.2d 676; Siesseger v. Puth, 213 Iowa 164, 239 N.W. 46. We find no error in this assignment.

IV. The trial court directed a verdict as to Count II, which is against defendant Harger and based upon negligence, upon the theory that plaintiff's decedent was, as a matter of law, a guest in the Harger car and thus not entitled to the ordinary negligence rules of liability. This is assigned as error.

Section 321.494, Code, 1958, states: "The owner or operator of a motor vehicle shall not be liable * * * to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle."

██ ██ In Horst v. Holtzen, supra, 249 Iowa 958, 967, 90 N.W.2d 41, 46, we construed this statute to include "permissive as well as invited riders." Also, the statute being in derogation of the common law, it is to be liberally construed with a view to promoting its objects and assist the parties in securing justice. Section 4.2, Code, 1958; Sullivan v. Harris, 224 Iowa 345, 358, 276 N.W. 88; Siesseger v. Puth, 213 Iowa 164, 239 N.W. 46.

In Bookhart v. Greenlease-Lied Motor Co., 215 Iowa 8, 11, 244 N.W. 721, 722, 82 A. L. R. 1359, in stating the purpose of the statute, we quote from Crawford v. Foster, 110 Cal. App. 81, 87, 293 P. 841, 843, as follows: " "* * * The situation that this section [one similar to Section 5026-b1, Code, 1931], was apparently designed to prevent is well known. As the use of

automobiles became almost universal, the proverbial ingratitude of the dog that bites the hand that feeds him, found a counterpart in the many cases that arose, where generous drivers, having offered rides to guests, later found themselves defendants in cases that often turned upon close questions of negligence. Undoubtedly, the legislature, in adopting this act, reflected a certain natural feeling as to the injustice of such a situation."

We think apropos is the following statement from Naudzius v. Lahr, 253 Mich. 216, 223, 224, 234 N.W. 581, 583, 74 A. L. R. 1189, 1193: "Generally, gratuitous passengers are relatives or friends. Exceptionally, they are mere acquaintances, invited chance pedestrians, or those who deliberately solicit rides. * * * In many, probably most, of the cases between relatives or friends, the real defendant is an insurance company. * * * While we may accept the contention that paid insurers are not objects of special consideration by the Legislature, it is inadmissible for the court to consider a law from the viewpoint that they are not entitled to a proper trial and honest determination of liability in a lawsuit."

In Ritter v. Dexter, 250 Iowa 830, 833, 95 N.W.2d 280, 281, we said: "The guest statute, which requires that an injured occupant seeking recovery from the owner or operator prove reckless operation, is applicable only when such occupant is riding 'in said motor vehicle as a guest * * *.' If he sustains the burden of proving he was riding in it in some other capacity, the ordinary rules of liability for negligence will govern."

In Clendenning v. Simerman, 220 Iowa 739, 741, 263 N.W. 248, 249, we said: "Appellant's cause of action being predicated upon mere negligence, the burden was upon him to prove that his decedent's status while riding in the appellee's car as a passenger was not such a one that would exclude a recovery for mere negligence as provided in section 5026-b1 of the 1931 Code of Iowa."

See also 61 C. J. S., Motor Vehicles, section 511(2); 5A Am. Jur., Automobiles and Highway Traffic, section 907. Thus, in line with our rule of liberal construction of this statute for the protection of "the owner or operator of a motor vehicle", we have in effect created a presumption, rebuttable, that an occu-

pant riding in a car operated by another person is a guest within the meaning of section 321.494, and has the burden of proving otherwise in an action predicated upon negligence of the operator or owner.

In Knutson v. Lurie, 217 Iowa 192, 197, 251 N.W. 147, we held the occupant of an automobile driven by another is neither a guest nor mere invitee when he is riding therein (1) when performing his duties as a servant of the owner or operator of the car; or (2) for the definite and tangible benefit of the owner or operator; or (3) for the mutual, definite and tangible benefit of the owner or operator on the one hand, and of the occupant on the other. It has been cited many times upon this proposition. Thuente v. Hart Motors, 234 Iowa 1294, 15 N.W.2d 622; Stenberg v. Buckley, 245 Iowa 622, 61 N.W.2d 452; McBride v. Dexter, 250 Iowa 7, 92 N.W.2d 443. Such benefits to the operator or owner as are incidental to hospitality, social relations, companionship or the like are not definite and tangible benefits as are contemplated by the statute. See cases above cited.

To meet this burden and remove appellant's decedent from the rigors of the statute, she depends primarily upon the proposition that decedent was the owner of the car and as such cannot, at least, as a matter of law be a guest therein. The question thus posed appears to be one of first impression with this court under the circumstances set forth in the record. A few jurisdictions have considered the question under somewhat similar circumstances and statutes.

The basic case upon which appellant seems to rely is Gledhill v. Connecticut Co., 121 Conn. 102, 183 A. 379, 381. There, plaintiff and one Graham were on a fishing trip and using plaintiff's car. While Graham was operating the car, an accident occurred and plaintiff was injured. The court held plaintiff was not Graham's guest. It stated: "To hold that if the owner of an automobile is riding therein and a friend is driving, the owner is the guest of the friend simply because the friend is driving, would be to import into the statute a meaning not expressed by the Legislature."

See also Lorch v. Eglin, 369 Pa. 314, 85 A.2d 841; Harper

v. Harper, 225 N. C. 260, 34 S.E.2d 185; Ray v. Hanisch, 147 Cal. App.2d 742, 306 P.2d 30; Ahlgren v. Ahlgren, 152 Cal. App.2d 723, 313 P.2d 88. It is to be observed that in the various cases above cited the rule of strict construction to be applied to a law in derogation of the common law is applied.

Taking a contrary view, and holding that an owner may be a guest in his own car, is the case of Phelps v. Benson, 252 Minn. 457, 90 N.W.2d 533, cited by appellees. There the court of Minnesota was construing the guest statute of South Dakota which is very similar to our own. In that case two families went on a vacation together in a car owned by the Higginses, one of the couples. Each was to pay their share of the costs of the trip including car operating costs. At the time of the accident the car was being operated by the nonowner, Benson. A jury found that Higgins, owner of the car, was a guest at the time of his injuries, and in affirming the case, the court said at page 474 of 252 Minn., 90 N.W.2d, page 544: "While it might be said that Mr. Higgins * * * contributed the use of his car, in the absence of any showing that the offer to do so was in some manner the motivating cause of the trip we do not believe that this is enough * * * to constitute him a paying passenger instead of a guest under the statute. * * * It seems clear that what the parties had in mind was that they would enjoy their reciprocal hospitality in a joint trip for the mutual benefit and pleasure of all of them."

See also Brody v. Harris, 308 Mich. 234, 13 N.W.2d 273, 155 A. L. R. 573; Christensen v. Hennepin Transp. Co., 215 Minn. 394, 10 N.W.2d 406, 147 A. L. R. 945; Reiter v. Grober, 173 Wis. 493, 181 N.W. 739, 18 A. L. R. 362; Tennyson v. Kern, 76 S. D. 136, 74 N.W.2d 316; Annotation, 65 A. L. R.2d 312.

The only testimony dealing with Harger's original presence in the car was given by him. He stated, "We had planned to make a trip, we were going to use George Murray, Jr.'s car. I was in George's car that day and the only reason I was in the car was to use it to transport me to where I was going. So far as I know, there was no other transportation available to me at

that time." It is quite apparent that the use of the car by Harger was not the motivating cause of the trip but merely a means to an end.

Certainly there is nothing in section 321.494, Code, 1958, in its reference to "any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire" which ipso facto eliminates the owner of the car therefrom. The rider, be he owner or a total stranger, has the burden of removing himself therefrom if he is to recover for negligent operation alone. An owner's suit against an operator is no different than would be a suit by a total stranger who happened to be riding in the car, so far as the wording of the statute is concerned, and likewise, its purpose. While plaintiff's decedent may have had the right to control of the car, as urged by appellant, there can be no doubt but Harger was the operator thereof. Section 321.1, paragraph 42, Code, 1958; Horst v. Hultzen, supra, and one of the protected parties under the statute.

Decedent and Harger were friends. They both had dates at Kellogg. Decedent had a car to use in keeping his date. Harger rode with him because it would enable him to keep his date. What benefit he may have received from decedent by riding with him as a rider, or as an operator, was offered by decedent and accepted by Harger only as incidental to hospitality, social relations, companionship or the like, as a mere gratuity. At the start of the trip decedent may have been the host and Harger the guest, and, literally speaking, may have had such relationship at the time of the accident. Under the statute, Harger, be he host or guest, was the operator of the car and decedent was a "person riding in the car and not for hire" within the meaning of the statute, i.e., that "the presence of decedent in any way benefited him as the operator", Clendenning v. Simerman, 220 Iowa 739, 751, 263 N.W. 248.

We think under the facts of this case that the trial court was correct in holding as a matter of law that appellant's decedent was a guest in the car being operated by Harger.

The judgment of the trial court is affirmed.—Affirmed.

LARSON, C. J., and THOMPSON, PETERSON, GARRETT, and BLISS, JJ., concur.

OLIVER and GARFIELD, JJ., dissent.

THORNTON, J., dissents from Division II.