ROBERT KRANTZ et al., Respondents, *v.* LOUIS GARMISE, Appellant.

First Department, May 25, 1961.

*Jerome Schlapik* of counsel (*Robert G. Sheller* and *Morris L. Wolf* with him on the brief; *H. Rhodes O'Reilly*, attorney), for appellant.

*Paul S. Edelman* of counsel (*Harry E. Kreindler* with him on the brief; *William S. Baron*, attorney), for respondents.

STEVENS, J.   This is an appeal from an order entered April 26, 1960, which granted a motion by plaintiffs to strike the affirmative defense of the California guest statute from the answer of the defendant.

The complaint alleges in part (and this is not denied by the answer) that the plaintiffs and defendant leased a motor vehicle from Auto Rentals of Hollywood, and there was an oral agreement to share equally the driving and expenses in connection with the use and operation of the car.   While the defendant was driving the car in California an accident occurred and the plaintiffs sustained certain injuries. The complaint charges that the negligence of the defendant caused the accident.   This is denied in the answer, which additionally pleaded as an affirmative defense,

" FIFTH: That the laws of California contain the following provisions :

" VEHICLE CODE — Section 403.

" LIABILITY FOR PERSONAL INJURY TO OR DEATH OF GUEST.

" No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of such vehicle or against any other person legally liable for the conduct of such driver on account of personal injury to or the death of such guest during such ride, unless the plaintiff in any such action establishes that such injury or

death proximately resulted from the intoxication or wilful misconduct of said driver.

"Sixth: That the plaintiffs herein were 'guests' within the meaning of the law of California and are thereby barred from any recovery because of their causes of action alleged in the complaint herein."

Although affidavits and the minutes of an examination before trial were submitted in support of the motion and affidavits submitted in opposition thereto, the court considered the motion as a motion pursuant to subdivision 6 of rule 109 of the Rules of Civil Practice, and disregarded the affidavits. The court held as a matter of law that the defense pleaded was insufficient and granted the motion to dismiss.

Appellant now urges: (1) "Plaintiffs were 'guests' within the meaning of the California Guest Statute and the Court below erred in granting the motion under Rule 109, Sub. 6, R. C. P. In any event, the defense should have been permitted to stand so as to allow defendant to develop the full facts at the trial." (2) "If the motion be regarded as one for summary judgment, judgment should be granted to defendant."

Respondent asserts: (1) "The plaintiffs could not be the 'guests' of defendant in a car which all three rented and to which all three had equal access and control." (2) "There were benefits conferred on defendant by the use of a common fund for expenses and by the agreement of the parties to share the driving." (3) "A judgment for the plaintiffs is proper as a matter of law."

Rule 109 provides in pertinent part: "After the service of an answer, the plaintiff may serve a notice of motion to  *   *   * strike out a defense consisting of new matter contained therein, where one or more of the following defects appear on the face thereof:  *   *   * 6. That the defense consisting of new matter is insufficient in law."

Since the plaintiffs contended that the defense was insufficient in law, there was no error in considering the motion under subdivision 6 of rule 109 of the Rules of Civil Practice. Under that rule affidavits are not permitted. (*Monica Realty Corp.* v. *Bleecker*, 229 App. Div. 184; *Romaneck* v. *Bauer*, 250 App. Div. 734.) The insufficiency of the defense, however, must appear on the face thereof. (*Charles* v. *Murphy*, 284 App. Div. 987.)

The question to be considered is whether the defense stricken constitutes a possible defense to the cause of action purported to be alleged in the complaint, for a motion of this kind searches the record. (*Baxter* v. *McDonnell*, 154 N. Y. 432 [demurrer

to an affirmative defense] ; *Manson* v. *Curtis*, 223 N. Y. 313, 319; *Chelsea Exch. Bank* v. *Travelers Ins. Co.*, 173 App. Div. 829.).

A motion under subdivision 6 of rule 109 of the Rules of Civil Practice " is analogous to a motion for judgment dismissing the complaint under Rules of Civil Practice, rule 106, and is equivalent to a demurrer, although demurrer as such has been abolished. (Code Civ. Pro., § 494; Rules Civ. Prac., rule 109, subd. 6; Civ. Prac. Act, § 277 * * *.) " (*Pierce* v. *Bristol*, 130 Misc. 188, 189.)

The matter set out in the answer as an affirmative defense should be weighed in the light of the allegations of the complaint. (See *Schwartz* v. *Klein*, 272 App. Div. 834; cf. *Manson* v. *Curtis*, 233 N. Y. 313, *supra*.) The truth of the allegation is assumed (*Flynn* v. *New York World-Tel. Corp.*, 150 Misc. 241), and the pleading liberally construed (*Miller* v. *Cassini*, 259 App. Div. 118). If there is any doubt as to the availability and applicability of the defense or a mere belief that the proof might fall short of the defense, it should not be stricken. (Cf. *Denihan Enterprises* v. *O'Dwyer*, 302 N. Y. 451; *Clode* v. *Scribner's Sons*, 200 App. Div. 532.) The matter pleaded in the defense stricken had to be pleaded affirmatively and could not be embraced within a mere general denial. (Cf. *Gill* v. *Montgomery Ward & Co.*, 284 App. Div. 36.)

Turning now to the pleading to which objection is made. No question has been raised as to the form of the pleading so that is not before us. In brief, the affirmative defense which must be read in its entirety asserts that these plaintiffs were persons who accepted a ride without giving compensation therefor; that there is no liability upon the defendant for any injuries which might have been sustained because it is not charged that such injuries resulted from any intoxication or willful misconduct on defendant's part as the driver of the vehicle.

The issue to be decided is whether we may say now as a matter of law that such defense should not be allowed to stand and await upon the evidence adduced at the trial for resolution.

In *McCann* v. *Hoffman* (9 Cal. 2d 279), decided by the Supreme Court of California in 1937, rehearing denied August 24, 1937, the plaintiffs, husband and wife, " sued to recover damages for personal injuries sustained by the wife when they were riding with the defendants [also husband and wife] in the latters' automobile in Santa Clara County " (p. 280). The plaintiffs' case showed that the two couples were friendly and had mutually enjoyed social relationships and entertainment, sharing the cost equally. This was their first joint automobile

trip. which was purely a pleasure trip, and while there was no specific agreement, "it was apparently the tacit and mutual understanding that such expenses [transportation, hotel and meals] would be shared equally" (p. 280). An accident occurred as a result of a collision with another car while they were approaching an intersection. Defendant Hoffman was driving at a speed of approximately 60 miles per hour. The defendant's motion for a nonsuit was granted. The court concluded there was no willful misconduct. On appeal this was held not to be error, that at most the driver's conduct amounted to no more than negligence. The court then proceeded to consider whether the plaintiffs were "guests" within the meaning of the California statute, or were "passengers" who might be entitled to recover for ordinary negligence.

The court (by SHENK, J.) pointed out that before the enactment of the guest statute the degree of care to be exercised toward gratuitous passengers was governed by section 2096 of the Civil Code which provided that a carrier of persons without reward was answerable for a breach of ordinary care. The guest statute is in derogation of the common law and must be strictly construed. The court then stated that the term "guest" has been defined by the Legislature as "one who has not given compensation for the carriage" (p. 282) and "that the nature of the compensation as contemplated by such a statute is as variable as the particular facts involved" (citing cases) (p. 283).

The court then laid down certain standards. If the relationship between the automobile host and the party riding with him is one of business and transportation is supplied in pursuit thereof for mutual benefit, compensation has been given and the party is a "passenger" and is not precluded from recovery from the host for mere negligence as a "guest". Generally, there must be some benefit of a tangible nature conferred on the driver or his principal by reason of the transportation, and the courts have uniformly held "one to be a passenger and not a guest who embarks upon a joint venture of a business nature rather than of a merely social aspect" (p. 284).

"The great weight of authority is to the effect that the sharing of the cost of gasoline and oil consumed on a trip, when that trip is taken for pleasure or social purposes, is nothing more than the exchange of social amenities and does not transform into a passenger one who without such exchange would be a guest, and consequently is not payment for the transportation or compensation within the meaning of the statute. It is obvious that if a different result obtained under any construc-

tion of the statute its purposes would be defeated and its effect annulled. The relationships which will give rise to the status of a passenger must confer a benefit of a tangible nature and are limited·'' (p. 285). ''The mere fact that the parties in making the pleasure trip together have a like purpose in mind does not constitute it a joint venture wherein compensation is deemed to have been given'' (p. 285). The court concluded that the record '' supports only the conclusion that the sole purpose of the contemplated trip was the joint pleasure of the parties'' (p. 287) and affirmed the judgment.

*Whitmore* v. *French* (37 Cal. 2d 744 [1951]), to which our attention is directed, does not hold to the contrary. In that case plaintiffs, husband and wife, were on a joint pleasure trip and were riding in an automobile owned by the Frenches (husband and wife) and being driven by Howard French. The defendants' two sons, ages 12 and 14 years, accompanied them. There had been an agreement made that each couple would contribute an equivalent amount to a common fund, out of which expenses, such as gasoline, oil, meals, lodging and sightseeing would be paid. Each had put $100 into the fund as an initial contribution. An accident occurred which did not involve willful misconduct or intoxication. Plaintiffs brought suit for damages for injuries. The court refused to charge the California guest statute. The defendants appealed, charging error. The court, in holding no error, expressly referred to and by implication approved *McCann* v. *Hoffman* (9 Cal. 2d 279, *supra*), saying '' it has been held that the sharing of expenses does not destroy the host and guest relationship if nothing more is involved than the exchange of social amenities and reciprocal hospitality'' (p. 746). Here '' [t]he financial arrangements were definite and businesslike and resulted in a tangible benefit to defendants, a cash payment was made into the common fund by the plaintiffs before the commencement of the journey, and in addition to sharing the cost of the operation of the car and the expenses of the two couples, *plaintiffs obligated themselves to pay one-half of the cost of the food, lodging, and sightseeing for defendants' two sons on an extended trip which might last two or three weeks*'' (p. 747, emphasis supplied). The court said there was more than the mere exchange of social amenities. The two dissenting Justices were of the view that it should have been a question for the trier of the fact '' as to whether the defendants took the plaintiffs on the vacation trip primarily because the parties were friends who wished to enjoy the trip together or primarily because plaintiffs agreed to pay more than their per capita share of the traveling expenses'' (pp. 748–749). (Cf. *Panopulos* v. *Maderis,* 47 Cal. 2d

337 [" guests " and meaning of term " driver " in the statute]; *Ray* v. *Hanisch,* 147 Cal. App. 2d 742 [1957] [owner riding in automobile being driven by defendant on a pleasure trip participated in by both parties; accident occurred; suit brought].)

The complaint in *Ray* v. *Hanisch (supra)* consisted of two counts. The first alleged that while defendant was driving an automobile owned by plaintiff in which plaintiff was riding, defendant negligently drove the auto into a ditch, resulting in injuries to plaintiff. The second count realleged these facts and that three days before the accident plaintiff and defendant had agreed to take a vacation for pleasure in plaintiff's automobile, to share expenses equally, and that plaintiff would not have undertaken the trip without such an agreement. A general demurrer was sustained to both counts with leave. Plaintiff declined to amend and appealed. The court said the mere fact that the owner is riding in her own car does not alone classify her as a guest under section 403 of the Vehicle Code. Under ordinary circumstances an owner is not a guest. (Cf. *Anderson* v. *Burkardt,* 275 N. Y. 281, 283.) As to the second count, the prearrangement with respect to payment of travel expenses, etc., did not take the plaintiff out of the category of guest, payment of part of the travel expenses and driving the car part of the time were " merely incidental and did not constitute the moving influence for the transportation ", citing *McCann* v. *Hoffman* (9 Cal. 2d 279) (p. 750). The court, in affirming the judgment, said the second count was insufficient, and since the first count was based on the same facts it was equally vulnerable to the demurrer. (Cf. *Ahlgren* v. *Ahlgren,* 152 Cal. App. 2d 723. [Owner riding in car driven by his brother. Judgment for defendant reversed and new trial ordered. The owner was intoxicated and there was a stipulation that the operator was in exclusive control and possession of the car].) This is unlike *Ray* v. *Hanisch (supra),* where the court said there is an inference that an owner present in his car has the right to govern the manner of operation.

Generally, the California courts have held that the driver must be receiving a tangible benefit, monetary or otherwise, which is a motivating influence for furnishing the transportation before the occupant is considered a passenger, and the driver liable for ordinary negligence. (See *Gillespie* v. *Rawlings,* 309 p. 2d 560, and retrial, 49 Cal. 2d 359.) In the first trial the judgment for plaintiff was reversed on appeal, the court saying " where the inference of a tangible benefit amounting to a motivating influence rests wholly upon conjecture, it is not sufficient " (p. 565). On the retrial the court referred to the

*McCann* case and quoted from it. It affirmed a judgment for plaintiff, pointing out that the testimony on the retrial indicated the relationship between plaintiff and defendant was a business relationship, and the trip was for their mutual benefit.

"Whether one is an automobile guest depends upon the particular facts in each case, and the question is not determined by the intention of the occupant of the vehicle alone. The identity of the actual driver, whether the owner or the occupant of the vehicle is generally immaterial." (4 Blashfield, Cyclopedia of Automobile Law and Practice, § 2292.)

In *Smith* v. *Clute* (277 N. Y. 407 [1938]), it was held that an agreement to share the expense of operation constituted a benefit conferred and that it was error for the Appellate Division to reverse and dismiss a judgment for the plaintiff. In that case four school teachers agreed to take a trip from New York to California, to share expenses and to use defendant's car. They had paid $10.50 for automobile liability insurance and $50 toward a general fund. An accident occurred in Montana. On appeal the question was whether a Montana guest statute permitting a guest to sue only for gross negligence precluded recovery. The court found no applicable Montana decision and was careful to point out that in the absence of such decision the statute would be construed here.

In the case before us there are numerous California decisions, so we must look, as we have done, to the construction of the statute by the California courts. Nor is there here any separate payment toward a liability policy which would directly benefit the defendant by the protection assured, for the defendant here is not the owner.

In that portion of the present complaint which is not denied, we find that this was not defendant's automobile, but was in fact a leased car. So contribution toward expense of operation did not, *ipso facto,* confer a benefit upon defendant. The plaintiffs recite an express oral agreement to share expenses, but then construe such agreement by asserting that it "encompassed the provision" that driving be shared. There is no assertion that the agreement alleged was the motivating factor for the trip, nor does it appear at this stage of the pleading that the sociability element was not the dominating factor or that a tangible benefit was conferred upon the defendant driver.

Since only the pleadings are considered, we hold no more than that a triable issue is presented and it cannot be said as a matter of law under such pleadings that the plaintiffs are without the operation of the California guest statute. It is a question of fact to be resolved by the evidence upon the trial. The fact that

the car was leased, while a factor to be considered, is not conclusive.

The order appealed from should be reversed, on the law, and the motion denied, with costs to the appellant.

EAGER, J. (dissenting). I would affirm the order, entered April 26, 1960, striking from the answer the affirmative defense pleading the California guest statute. The answer sets up *in hæc verba* the California statute which provides that "No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride  *  *  *  has any right of action for civil damages against the driver of such vehicle  *  *  *  on account of personal injury to or the death of such guest during such ride, unless the plaintiff in any such action establishes that such injury or death proximately resulted from the intoxication or wilful misconduct of said driver." Then, the answer, without the pleading of facts showing the applicability of the statute, merely alleges, "That the plaintiffs herein were 'guests' within the meaning of the law of California and are thereby barred from any recovery because of their causes of action alleged in the complaint herein."

The action is to recover for personal injuries sustained by plaintiffs while riding in an automobile being driven by the defendant in the State of California. The complaint charges the defendant driver with ordinary negligence in the operation of the vehicle. The complaint alleges and the answer admits that the automobile which was driven by the defendant at the time of the accident and in which the plaintiffs were riding, was leased by the plaintiffs from an auto rental service; and that, at the time of the accident, the plaintiffs and the defendant "had an express oral agreement, by which they were to share any and all expenses incurred in connection with the use and operation of the leased motor vehicle  *  *  *  that said agreement encompassed the provision that the driving of the said motor vehicle would be shared equally among the parties."

There being nothing alleged by way of fact in the answer to controvert or limit the foregoing allegations of the complaint, they must, for the purposes of this motion, be deemed to be true. The motion was considered by Special Term as a motion under subdivision 6 of rule 109 of the Rules of Civil Practice. Thus, our "attention must be confined solely to the allegations of the complaint and those of the  *  *  *  defense" (*Dodge* v. *Richmond*, 5 A D 2d 593, 595). The sufficiency of the defense is to be determined in the light of the allegations of the complaint, and, for the purposes of this motion, the material facts alleged in the complaint, except as controverted or explained by the

averments of the defense, must be deemed to be true. (*Douglas v. Coonley*, 156 N. Y. 521, 528.) If, assuming the truth of the material allegations of the complaint, the facts alleged in the answer do not as a matter of law constitute a defense to the cause of action as pleaded, then the defense was properly stricken.

Assuming, therefore, as we must, the truth of the allegations of the complaint to the effect that the plaintiffs were the lessees of the automobile which the defendant was driving and that the parties had agreed to share the expenses incurred in the use of the vehicle, the California statute is not applicable. Under these circumstances, the plaintiffs were not guests of the defendant driver within the meaning of the statute. This clearly follows from the decisions of California and of this State.

The term " guest " as used in the California statute imports that the person riding in an automobile is the recipient of the hospitality of the owner or driver. (*Ahlgren v. Ahlgren*, 152 Cal. App. 2d 723, 725 [Cal. Dist. Ct of Appeal]; *Ray v. Hanisch*, 147 Cal. App. 2d 742.) Clearly, upon the facts as alleged, these plaintiffs were not the recipients of the hospitality of the driver. As the lessees of the car, they, when present therein, are deemed to have the power of saying who shall drive and who shall ride. Presumably, the driver, while they occupy the vehicle, is driving with their permission and they are riding therein in their own right as lessees thereof rather than by virtue of the invitation or hospitality of the driver. Thus, applicable are the decisions holding that an owner, who is being driven in his own car, is not ordinarily to be considered a guest of the driver. (*Anderson v. Burkardt*, 275 N. Y. 281, 283; *Ray v. Hanisch, supra*; *Ahlgren v. Ahlgren, supra*; *Ahlgren v. Ahlgren*, 185 Cal. App. 2d 250; *Naphtali v. Lafazan*, 8 A D 2d 22.) I can see no difference in status between an owner riding in his car and a lessee riding in the car leased by him. There being no special facts alleged in connection with the defense here to render inapplicable the rule that under ordinary circumstances an owner or lessee would not be a guest in his car, the defense is not sustainable. (*Naphtali v. Lafazan, supra*, p. 28.)

Or, even assuming as set forth in the affidavits submitted, that the plaintiffs were not the sole lessees but that they and the defendant driver were joint lessees of the automobile, with the agreement to share the expenses of the use of the vehicle, then, nevertheless, the plaintiffs would not be considered the guests of the defendant during the time he was driving the vehicle. Under these circumstances, the parties would be considered as in joint possession of the vehicle. There would not be a host

and guest relationship between whoever was driving and those who were riding. Rather, the parties would be considered as engaged in a joint undertaking or enterprise with joint right of control. "A typical instance of joint adventure in the operation of a vehicle is afforded by the situation where two or more hire a vehicle jointly for their common purpose and agree that one of their members shall drive it; the possession of the vehicle being joint, and each having an equal right to control its operation." (4 Blashfield, Cyclopedia of Automobile Law and Practice, § 2372, p. 500.) (Also *Coleman* v. *Bent,* 100 Conn. 527; *Beaucage* v. *Mercer,* 206 Mass. 492; *Barnett* v. *Levy,* 213 Ill. App. 129; *Clemmons* v. *United States,* 105 F. Supp. 260.) The general rule is stated in American Law Institute, Restatement of the Law of Torts (§ 491, Comment *f,* entitled "Joint possession of vehicle") as follows: "The fact that the driver and another riding with him are in joint possession of the vehicle is sufficient to make any journey taken by them therein a joint enterprise irrespective of whether the journey is or is not made for a common business purpose. This is so not only when the joint possession arises from a joint hiring but also when it results from a joint ownership."

Where the parties embarking on an automobile trip agree to share the expenses thereof, it is true, as stated in the majority opinion, that the question of whether or not one riding in the car is to be deemed a guest may depend upon whether the automobile is being driven for pleasure or social purposes or being driven for business purposes. Where the trip is for pleasure or social purposes, the sharing of expenses may be nothing more than the exchange of social amenities and does not necessarily destroy a host or guest relationship if it otherwise exists. (See *McCann* v. *Hoffman,* 9 Cal. 2d 279.) Thus, the nature of the trip is to be considered, along with the other facts, as bearing upon the relationship of the parties. The fact that the trip is for pleasure or social purposes is not, however, the determining factor. The overriding question remains and is whether or not there was in fact a host and guest relationship. "The 'primary policy' underlining the statute 'is to prevent recovery for ordinary negligence by a guest in an automobile who has accepted the hospitality of the owner or driver.'" (*Martinez* v. *Southern Pacific Co.,* 45 Cal. 2d 244, 253.) Bearing this policy in mind and, further, that the statute, being in derogation of the common law, is to be strictly construed (*Prager* v. *Israel,* 15 Cal. 2d 89), it is clear that the statute does not apply where, as here, there was no host and guest relationship.

*Collie* v. *Aust* (173 Cal. App. 2d 793, 794 [Superior Ct.]) is sufficiently in point to be decisive. In this case, "Five men, including plaintiff Collie and defendants Aust and Doiron, had planned a hunting trip. Doiron was not able to go on the trip, but he loaned plaintiff his jeep and plaintiff left his automobile with Doiron for Doiron's use. While driving to the camp site, Collie allowed Aust to drive the jeep. Aust negligently operated the jeep and Collie was injured. Collie sued both the driver, Aust, and the owner, Doiron, and received judgment against both." The court affirmed a judgment by Collie against Aust, holding that Collie was not "the guest of Aust. He did not accept a ride from Aust. His situation is similar to that of an owner who has been held not to be the guest of the driver while riding in his own car. (*Ahlgren* v. *Ahlgren* (1957), 152 Cal. App. 2d 723, 725 [313 P. 2d 88].) "

In view of the foregoing, it is clear that the California guest statute is inapplicable under the facts as alleged, and the defense setting it up was properly stricken.

VALENTE and BERGAN, JJ., concur with STEVENS, J.; EAGER, J., dissents and votes to affirm in opinion in which BOTEIN, P. J., concurs.

Order entered on April 26, 1960, granting plaintiffs' motion to strike the affirmative defense from defendant's answer as insufficient, reversed, on the law, with $20 costs and disbursements to the appellant, and the motion denied, with $10 costs.